IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PAT BEESLEY, NELDA KISTLER,
FREDDIE KINGERY, GREG MARTIN,
RON MILLER, WILLIE MITCHELL,
ANTHONY REED, DAVID MILLER,
JOHN TONELLE, PAUL GLENNEY, and
GARY GRISCOTT, as representatives of a class of
similarly situated persons, and on behalf of the
International Paper Company Salaried and Hourly
Savings Plans,

    Plaintiffs,

v.

INTERNATIONAL PAPER COMPANY,
INTERNATIONAL PAPER 401(K) COMMITTEE,
ROBERT FLORIO, THOMAS A. KLIMAN,
MARK LEHMAN, ETHEL A. SCULLY,
JOHN BALBON, BOB HUNKELER,
JEROME N. CARTER, INTERNATIONAL PAPER
COMPANY MANAGER-SALARIED COMPENSATION,
INTERNATIONAL PAPER COMPANY
DIRECTOR-CORPORATE FINANCE, and
INTERNATIONAL PAPER COMPANY
SENIOR MANAGER-COMMUNICATIONS,

    Defendants.                                         No. 06-cv-703-DRH

**MEMORANDUM and ORDER**

**HERNDON, District Judge:**

        This matter is before the Court on the motion for transfer brought by Defendants International Paper Company ("IPC"), International Paper 401(k) Committee, Robert Florio, Thomas A. Kliman, Mark Lehman, Ethel A. Scully, John

Balbon, Bob Hunkeler, Jerome N. Carter, International Paper Company Manager-Salaried Compensation, International Paper Company Director-Corporate Finance, and International Paper Company Senior Manager-Communications (Doc. 64). For the following reasons, the motion is **DENIED**. Additionally, the Court sua sponte **STAYS** this case with respect to the motion for class certification brought by Plaintiffs Pat Beesley, Nelda Kistler, Freddie Kingery, Greg Martin, Ron Miller, Willie Mitchell, Anthony Reed, David Miller, John Tonelle, Paul Glenney, and Gary Griscott (Doc. 45).

This case is a putative class action for breach of fiduciary duty brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. Plaintiffs allege that they are participants in employee benefit plans of which Defendants are fiduciaries, all within the meaning of ERISA. *See* 29 U.S.C. § 1002(2)(A), (3), (7), (21)(A). Plaintiffs allege that Defendants have breached their fiduciary duties under ERISA by failing to contain plan costs and paying unreasonable fees to service providers to the plans, as well as by failing to minimize costs associated with investment in employer securities under the plans and holding a portion of plan assets in cash. *See* 29 U.S.C. § 1104; 29 U.S.C. § 1109. Plaintiffs assert claims under ERISA § 502(a)(2) and (a)(3), 29 U.S.C. § 1132(a)(2) and (a)(3), and seek certification of a class of similarly-situated persons. Defendants in turn request transfer of this action to the United States District Court for the Western District of Tennessee for the convenience of parties and witnesses and in the interests of justice. The motion has been fully briefed and is ripe for decision. Although

Plaintiffs have requested oral argument on the motion, the Court concludes that oral argument will not be helpful in this instance and, accordingly, the Court will proceed to rule on the motion without oral argument.

Defendants initially challenged the propriety of venue in this District, but those objections have since been withdrawn, and the sole issue for the Court to resolve is whether a transfer of venue is appropriate in this case. Under 28 U.S.C. § 1404, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A Section 1404(a) transfer will be granted if the moving party establishes that: (1) venue is proper in the transferor district; (2) venue and jurisdiction are proper in the transferee district; and (3) the transfer will serve the convenience of the parties and the witnesses and will promote the interest of justice. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 & n.3 (7th Cir. 1986); *Dulaney v. United States*, 472 F. Supp. 2d 1085, 1086 (S.D. Ill. 2006). The movant must establish that "the transferee forum is clearly more convenient" than the transferor forum in order to be granted a transfer under the statute. *Coffey*, 796 F.2d at 220. A district judge possesses significant latitude in "weighing of factors for and against transfer." *Id*. at 219. *See also Dulaney*, 472 F. Supp. 2d at 1086 (citing *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989)) ("The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude and, therefore, is committed to the sound discretion of the trial court.").

In general, of course, a plaintiff's choice of forum is accorded deference. *See FDIC v. Citizens Bank & Trust Co. of Park Ridge, Illinois*, 592 F.2d 364, 368 (7th Cir. 1979) ("[T]he trial court must give some weight to the plaintiff's choice of forum."); *Chicago, Rock Island & Pac. R.R. Co. v. Igoe*, 220 F.2d 299, 302 (7th Cir. 1955) (a plaintiff's choice of forum should not be "lightly set aside"); *Waller v. Burlington N. R.R. Co.*, 650 F. Supp. 988, 990 (N.D. Ill. 1987) ("As a general rule, a plaintiff's choice of forum is entitled to substantial weight unless that forum lacks any significant contact with the underlying cause of action."); *Hotel Constructors, Inc. v. Seagrave Corp.*, 543 F. Supp. 1048, 1050 (N.D. Ill. 1982) ("In determining whether the movant has met this burden [of establishing grounds for a transfer of venue], the Court must consider the factors specifically mentioned in [28 U.S.C. §] 1404(a) [including] convenience of the parties, convenience of the witnesses and the interests of justice in general . . . while also giving weight to plaintiff's choice of forum."). Some sister courts in this Circuit have held that a plaintiff's choice of forum is entitled to no deference where, as here, an action is brought as a class action. *See, e.g., Boyd v. Snyder*, 44 F. Supp. 2d 966, 969 (N.D. Ill. 1999) (quoting *Georgouses v. NaTec Res., Inc.*, 963 F. Supp. 728, 730 (N.D. Ill. 1997)) ("When . . . plaintiff alleges a class action, plaintiff's home forum is irrelevant."). Other authorities suggest, however, that a plaintiff's choice of forum is entitled to some deference, albeit reduced, even in the class-action context. *See Tice v. American Airlines, Inc.*, 162 F.3d 966, 974 (7th Cir. 1998) (noting that a district court "gave some weight (as it was entitled to do) to the plaintiffs' choice of forum" in ruling on a motion to transfer a putative class

action); *Carbonara v. Olmos*, No. 93 C 2626, 1993 WL 473651, at *2 (N.D. Ill. Nov. 15, 1993) ("[T]he plaintiff's choice of forum is given less weight when the plaintiff is a non-resident of the chosen forum, when the plaintiff sues derivatively or as a class representative, and where the cause of action did not conclusively arise in the chosen forum."); *Genden v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 621 F. Supp. 780, 782 (N.D. Ill. 1985) ("Where, as here, the class is nationwide and has no unique local interest or contact with the transferring district, the deference usually accorded by courts to the plaintiff's choice of venue is less important."). Accordingly, the Court concludes that Plaintiffs' choice of forum is entitled to some deference.

In this instance the gist of Defendants' argument for transfer is simply that IPC is headquartered in the Western District of Tennessee, a certain number of records relevant to this case are located there, and the individual Defendants in this case live there. The Court does not find this a compelling showing in support of transfer. The fact that documents relevant to this case are situated outside this District is not, of course, a factor weighing heavily in favor of transfer. *See Board of Trs., Sheet Metal Workers Nat'l Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1037 (7th Cir. 2000) (noting that "[e]asy air transportation, the rapid transmission of documents, and the abundance of law firms with nationwide practices, make it easy these days for cases to be litigated with little extra burden in any of the major metropolitan areas."); *Photogen, Inc. v. Wolf*, No. 00 C 5841, 2001 WL 477226, at *5 (N.D. Ill. May 7, 2001) ("Documents and records are usually not a very persuasive reason to transfer a case . . . . They are easily transportable, and movant has

made no showing that it cannot bring the necessary documents to this district."); *Hanley v. Omarc, Inc.*, 6 F. Supp. 2d 770, 775 (N.D. Ill. 1998) ("Defendants argue that the case should be transferred to New Jersey because the majority of documents relating to this cause of action are located there. Plaintiffs argue that the case should not be transferred because the findings of the relevant audits are located in Illinois. The court is satisfied, however, that either party can easily bring to the district those documents that are not there already . . . . Therefore, this consideration neither militates for or against transfer.").

As to the fact that several Defendants reside in the proposed transferee venue and will be convenienced by transfer to that forum, it is not the purpose of a transfer of venue merely to shift inconvenience and expense from the moving party to the non-moving party. *See S.C. Johnson & Son, Inc. v. Buzz Off Insect Shield, LLC*, No. 05 C 1046, 2005 WL 1838512, at *4 (N.D. Ill. July 28, 2005) ("Transfer is inappropriate if it will merely . . . shift the balance of inconvenience from the defendant to the plaintiff."); *IP Innovation L.L.C. v. Lexmark Int'l, Inc.*, 289 F. Supp. 2d 952, 955 (N.D. Ill. 2003) ("It is axiomatic that a motion to transfer cannot be used simply to shift the one party's inconvenience onto another party."). The Court concludes that Defendants have failed to show that an alternative forum is clearly more convenient than this forum. "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *In re National Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). *See also Petersen v. Union Pac. R.R. Co.*, Nos.

04 C 5918, 04 C 5949, 04 C 6032, 05 C 6263, 2006 WL 1049715, at *1 (N.D. Ill. Apr. 19, 2006); *Magnavox Co. v. Bally Mfg. Corp.*, 414 F. Supp. 891, 892 (N.D. Ill. 1976). Further, "when the inconvenience of the alternative venues is comparable there is no basis for a change of venue; the tie is awarded to the plaintiff." *National Presto*, 347 F.3d at 665. *See also Publications Int'l, Ltd. v. HDA, Inc.*, No. 06 C 6148, 2007 WL 1232199, at *3 (N.D. Ill. Apr. 18, 2007); *Reserve Capital, LLC v. CLB Dynasty Trust 2002*, No. 05 C 6556, 2006 WL 1037321, at *10 (N.D. Ill. Apr. 17, 2006). In this instance, where Defendants cannot point to any alternative forum that is clearly more convenient than this District, the Court will award the tie to Plaintiffs by denying a transfer of venue.

Finally, the Court turns to the matter of Plaintiffs' pending motion for class certification. The plans at issue here are individual account plans within the meaning of ERISA, s*ee Boeckman v. A.G. Edwards, Inc.*, 461 F. Supp. 2d 801, 803 n.1 (S.D. Ill. 2006), which raises the prospect that Plaintiffs' claims for breach of fiduciary duty are subject to an affirmative defense under ERISA § 404(c), 29 U.S.C. § 1104(c). That statute provides, in pertinent part,

> (1)(A) In the case of a pension plan which provides for individual accounts and permits a participant or beneficiary to exercise control over the assets in his account, if a participant or beneficiary exercises control over the assets in his account (as determined under regulations of the Secretary [of Labor]) –
> (i) such participant or beneficiary shall not be deemed to be a fiduciary by reason of such exercise, and
> (ii) no person who is otherwise a fiduciary shall be liable under this part for any loss, or by reason of any breach, which results from such participant's or beneficiary's exercise of control . . .

29 U.S.C. § 1104(c). The United States Department of Labor ("DOL") takes the position that selecting the investment options in a plan is not a function in the exercise of which plan fiduciaries are shielded from liability by the statute. *See* 29 C.F.R. § 2550.404c-1(a)(1); *Final Regulation Regarding Participant Directed Individual Account Plans (ERISA Section 404(c) Plans)*, 57 Fed. Reg. 46906, 46924 n.27 (Oct. 13, 1992). *See also* DOL Op. Letter No. 90-05A, 1990 WL 172964, at *3 (Mar. 29, 1990). The Court is required, of course, to give deference to the DOL's opinion. *See United States v. Mead Corp.*, 533 U.S. 218, 234 (2001) (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 139 (1944)) (noting that an agency's interpretation of a statute "may merit some deference whatever its form, given the 'specialized experience and broader investigations and information' available to the agency, and given the value of uniformity in its administrative and judicial understandings of what a national law requires."). The majority of courts to have interpreted ERISA § 404(c), 29 U.S.C. § 1104(c), have adopted the DOL's position. *See DiFelice v. U.S. Airways, Inc.*, 397 F. Supp. 2d 758, 774-78 (E.D. Va. 2005); *In re Dynegy, Inc. Erisa Litig.*, 309 F. Supp. 2d 861, 893-94 (S.D. Tex. 2004); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 284 F. Supp. 2d 511, 574-79 (S.D. Tex. 2003); *In re WorldCom, Inc.*, 263 F. Supp. 2d 745, 763-65 (S.D.N.Y. 2003); *Franklin v. First Union Corp.*, 84 F. Supp. 2d 720, 732 (E.D. Va. 2000). *But cf. Langbecker v. Electronic Data Sys. Corp.*, 476 F.3d 299, 309-13 (5th Cir. 2007); *Hecker v. Deere & Co.*, No. 06 C 719 S, 2007 WL 1874367, at **6-8 (W.D. Wis. June 21, 2007).

The Court is able, of course, to judicially notice both its own electronic docket and that of the United States Court of Appeals for the Seventh Circuit. *See Jackson v. Van Kampen Series Fund, Inc.*, Nos. 06-cv-944-DRH, 06-cv-994-DRH, 2007 WL 1532090, at *1 (S.D. Ill. May 24, 2007); *Parthasarathy v. T. Rowe Price Int'l Funds, Inc.*, Nos. 06-cv-943-DRH, 06-cv-1008-DRH, 2007 WL 1532104, at *1 (S.D. Ill. May 24, 2007). An appeal pursuant to Rule 23(f) of the Federal Rules of Civil Procedure has been granted by the Seventh Circuit Court of Appeals as to a decision by another judge of this Court, *Lively v. Dynegy, Inc.*, No. 05-CV-00063-MJR, 2007 WL 685861 (S.D. Ill. Mar. 2, 2007), holding that a defense under ERISA § 404(c), 29 U.S.C. § 1104(c), does not defeat the commonality and typicality requirements for class certification under Rule 23(a)(2) and (3) in a class action asserting ERISA breaches of fiduciary duty with respect to a 401(k) individual account plan. *See Lively*, 2007 WL 685861, at *8, **10-11 & n.5. In light of the pendency of the appeal in *Lively*, the Court believes that it would be imprudent to proceed further on the matter of class certification until the appeal is resolved. Accordingly, the Court will enter a stay sua sponte as to Plaintiffs' motion for class certification. *See Kircher v. Putnam Funds Trust*, Nos. 06-cv-939-DRH, 06-cv-1001-DRH, 2007 WL 1532116, at *2 (S.D. Ill. May 24, 2007) (citing, inter alia, *Walker v. Monsanto Co. Pension Plan*, 472 F. Supp. 2d 1053, 1054 (S.D. Ill. 2006)) (a court has inherent authority to enter a full or partial stay of proceedings sua sponte).

To conclude, Defendants' motion for transfer (Doc. 64) is **DENIED**. The

Court sua sponte **STAYS** this case with respect to Plaintiffs' motion for class certification (Doc. 45).

**IT IS SO ORDERED.**

Signed this 24th day of August, 2007.

/s/        DavidRHerndon

**United States District Judge**