IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PAT BEESLEY, et al.,  )
        )
    Plaintiffs,  )
        )
v.  )  Civil No. **06-703-DRH**
        )
**INTERNATIONAL PAPER COMPANY,**  )
        )
    Defendant.  )

# ORDER

**PROUD, Magistrate Judge:**

Before the court is Plaintiffs' Motion to Compel Production of Information Generated Before September 11, 2000. **(Doc. 100)**. Defendants filed a response at **Doc. 106.** Plaintiffs then filed a reply at **Doc. 108.**

This is a putative class action for breach of fiduciary duty brought pursuant to the ERISA, 29 U.S.C. §§ 1001-1461. Plaintiffs are participants in employee benefit plans. They allege that defendants are fiduciaries of the plans, and have breached their fiduciary duties by failing to contain plan costs, paying unreasonable fees to service providers, failing to minimize costs associated with investment in employer securities, and holding a portion of plan assets in cash. Suit was filed on September 11, 2006. Plaintiffs have served discovery requests seeking information going back ten years from that date. Defendants have objected. They argue that the temporal scope of discovery should be defined by the statute of limitations, which, they claim, is six years.

The court rejects defendants' argument. First, the statute of limitations does not necessarily provide a cut-off date for discovery. The scope of discovery is defined by relevance. Information need not be admissible to be relevant. Fed.R.Civ.P. 26(b)(1). While there are

1

proper boundaries to discovery, discovery as to events outside the statue of limitations is appropriate where the information is "otherwise relevant to issues in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351-352, 98 S.Ct. 2380, 2389-2390 (1978).

Here, six years before the filing of suit is not a proper boundary. First, plaintiffs have alleged fraud and/or concealment. Under 29 U.S.C. §1113, "in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation." Defendants argue that plaintiffs have not sufficiently plead fraud or concealment. However, defendants have not filed a motion to dismiss or for more definite statement. This discovery motion is not the proper vehicle for testing the sufficiency of the complaint.

In addition, information dating back beyond six years is relevant here because some of the claims relate to payments made by the plans to service providers. Plaintiffs have alleged that the plan entered into relationships with at least some of the service providers more than six years ago. Thus, breaches which occurred during the limitations period may well have resulted from seeds sown outside the period. The six year statute of limitations cannot be invoked to arbitrarily cut off discovery.

Upon consideration and for good cause shown, Plaintiffs' Motion to Compel Production of Information Generated Before September 11, 2000 **(Doc. 100)** is **GRANTED**. Defendants' objections based on the statute of limitations to plaintiffs' first interrogatories and first and second set of production requests are denied. Defendants shall respond to the discovery requests for the ten year period prior to the filing of suit, and shall do so by **February 15, 2008.**

**IT IS SO ORDERED.**

**DATE:  January 24, 2008.**          **s/ Clifford J. Proud**
                                      **CLIFFORD J. PROUD**
                                      **UNITED STATES MAGISTRATE JUDGE**