IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PAT BEESLEY, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil No. **06-703-DRH** |
| ) | |
| **INTERNATIONAL PAPER COMPANY,** ) | |
| **et al.,** ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**PROUD, Magistrate Judge:**

Before the court is Plaintiffs' Motion to Compel Deposition Testimony of Carol Tusch and Jerry Carter Regarding the Formation of Defendants' "401(K) Committee" and Replacement of Defendants' "Plan Administrator." **(Doc. 139)**. Defendants have filed a response at **Doc. 154.** Plaintiffs filed a reply at **Doc. 162.**

This is a putative class action for breach of fiduciary duty brought pursuant to the ERISA, 29 U.S.C. §§ 1001-1461. Plaintiffs are participants in employee benefit plans. They allege that defendants are fiduciaries of the plans, and have breached their fiduciary duties in various ways, including by failing to contain plan costs, paying unreasonable fees to service providers, failing to minimize costs associated with investment in employer securities, and holding a portion of plan assets in cash.

This motion concerns defendants' assertion of the attorney client privilege during the depositions of Carol Tusch and Jerry Carter. Tusch is International Paper's Director of Trust Investments, and Carter was the Plan Administrator for International Paper's 401(K) plan from

1

May, 2000, to May, 2004. According to defendants' response, Carter is currently International Paper's Senior Vice President of Human Resources and Communications. The witnesses were deposed in their individual capacities, and not as corporate representatives.

From the testimony of Tusch attached to the motion, it appears that, at some time in the past, the 401(k) plan was supervised by a group called the Fiduciary Review Committee, referred to as the "FRC." The decision was made to create the 401(K) Committee to take over that function. Tucsh testified that it was her understanding that the reason for removing that function from the FRC was that "it was viewed as a conflict of interest to have directors of International Paper be responsible for decisions made with regard to the company stock so there was a decision a legal decision made to separate those two responsibilities." **Doc. 139, Exhibit A, p. 2-10.** After Tusch testified that her knowledge of the alleged conflict of interest came from counsel, her attorney objected on the basis of the attorney client privilege and instructed the witness not to answer questions relating to same.

Carter testified that he was removed as Plan Administrator after new corporate counsel reviewed the "board governance activities" and decided to make some changes. Thereafter, plaintiffs' counsel attempted to ask questions about the "scope" of counsel's review. Defendants' counsel invoked the attorney client procedure, and instructed the witness not to answer. **Doc. 139, Exhibit B, pp. 5 - 12.**

Plaintiffs assert that they are entitled to ask questions of these witnesses about the reasons for the creation of the 401(K) Committee and the reasons that Carter was replaced as Plan Administrator because the fiduciary exception to the attorney client privilege applies.

Both parties agree that the Seventh Circuit recognized the fiduciary exception in ***Bland v.***

2

***Fiatallis North America, Inc.***, **401 F.3d 779 (7th Cir. 2005).** The Seventh Circuit described the exception as follows:

> Under that exception, a fiduciary of an ERISA plan "must make available to the beneficiary, upon request, any communications with an attorney that are intended to assist in the administration of the plan." *In re Long Island Lighting Co.*, 129 F.3d 268, 272 (2d Cir.1997). This exception is premised on the theory that the attorney-client privilege should not be used as a shield to prevent disclosure of information relevant to an alleged breach of fiduciary duty. *Harper-Wyman Co. v. Conn. Gen. Life Ins. Co.*, 1991 WL 62510 (N.D.Ill. April 17, 1991).

***Bland***, **401 F.3d at 787.**

*Bland* involved the amendment or termination of benefits under an ERISA plan. The court held that the fiduciary exception did not apply because the information at issue did not relate to plan administration or management. The fiduciary exception is only applicable, as its name implies, when the employer acts as a fiduciary, as it does in administering or managing an ERISA plan. Because the employer does not act as a fiduciary when it adopts, modifies, or terminates a plan with regard to unaccrued benefits, the fiduciary exception does not apply to counsel's communications with regard to those functions. ***Bland***, **401 F.3d at 787-788.**

Here, plaintiffs argue that the functions at issue constitute plan administration, and defendants argue that the functions constitute plan amendment. Unfortunately, both parties' pleadings are long on rhetoric and short on legal analysis on this crucial point.

Defendants point out that the 401(K) Committee was created by amendments to the Plans. That fact is not dispositive, as a plan administration function cannot be converted into plan amendment, and thereby sheltered, simply by memorializing the act in a plan amendment. Instead, the court must look to the nature of the act. Here, the nature of the act was to change the identity of the body which was charged with supervision and oversight of the plans at issue.

*Bland* is the only Seventh Circuit case directly construing the fiduciary exception to the attorney client privilege, but *Bland* looked to other ERISA cases for explanation of what kinds of acts are fiduciary in nature. This court has done so as well, and concludes that the creation of the 401(K) Committee was not a plan management function.

"ERISA fiduciaries are allowed to wear more than one hat, and when employers make design changes in plans, they are not wearing their fiduciary hats." *Ames v. American National Can Company*, 170 F.3d 751, 757 (7th Cir. 1999), citing *Lockheed Corp. v. Spink*, 517 U.S. 882, 116 S.Ct. 1783, 135 L.Ed.2d 153 (1996). The design of a plan is not a fiduciary function. *King v. National Human Resource Committee, Inc.*, 218 F.3d 719, 723-724 (7th Cir. 2000). In both *Ames* and *King*, the Seventh Circuit held that setting up a new plan as part of a sale of the employer's assets was not a fiduciary function. *Ames*, 170 F.3d at ; *King*, 218 F.3d at 723. On the other hand, decisions about the investment of plan money and the exercise of control over the management or disposition of plan assets do constitute administration of a plan. *King*, 218 F.3d at 724. Fiduciary standards do not apply when an employer "decides to establish, amend, or terminate a benefits plan, as opposed to managing any assets of the plan and administering the plan in accordance with its terms." *Fletcher v. Kroger Company*, 942 F.2d 1137, 1139 (7th Cir. 1991)[internal citation omitted]. In *Fletcher*, the Seventh Circuit held that an employer's "decision to provide Special Retirement Benefits to employees at specified locations was a design decision that did not implicate [employer's] fiduciary duties under ERISA. *Fletcher*, 942 F.3d at 1139.*

The court concludes that the decision to create the 401(K) Committee constitutes plan amendment rather than plan management. Therefore, the communications with corporate

4

counsel regarding same are privileged.

Likewise, the questions posed to Carter during his deposition did not concern matters of plan management or administration. Rather, the questions were designed to find out the nature and scope of corporate counsel's review of plan governance structures. Such communications with counsel are protected communications, and do not fall within the fiduciary exception.

The court notes that the parties disagree as to which party has the burden of proving the applicability of the fiduciary exception, and whether there is an additional "good cause" requirement. In view of the fact that the information is not subject to the fiduciary exception in the first instance, the court finds it unnecessary to resolve those issues.

Plaintiffs' Motion to Compel Deposition Testimony of Carol Tusch and Jerry Carter Regarding the Formation of Defendants' "401(K) Committee" and Replacement of Defendants' "Plan Administrator" **(Doc. 139)** is **DENIED**.

**IT IS SO ORDERED.**

**DATE: June 2, 2008.**

<u>s/ Clifford J. Proud</u>
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**