IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PAT BEESLEY, et al.,                    )
                                        )
            Plaintiffs,                 )
                                        )
v.                                      )        Civil No. **06-703-DRH**
                                        )
**INTERNATIONAL PAPER COMPANY,**        )
**et al.,**                             )
                                        )
            Defendants.                 )

## ORDER

**PROUD, Magistrate Judge:**

Before the court is Plaintiffs' Motion for Sanctions for Defendants' Violation of the

January 24, 2008, and February 6, 2008, Court Orders.  **(Doc. 148)**.  Defendants filed a response

at **Doc. 157**.

On January 24, 2008, the court granted plaintiffs' motion to compel and ordered

defendants to supplement their responses to plaintiffs' first set of merit interrogatories and

plaintiffs' first and second requests for production of documents.  **See, Doc. 119.**  On February 6,

2008, the court granted defendants' motion for an extension of time in which to comply.  **See,**

**Doc. 124**.  Plaintiffs now complain that "Although Defendants have produced documents, it [sic]

has failed to serve written supplemental responses the either request for production or the

interrogatories, as required by Rules 26(e), 33(b), and 34(b)(2)(B)."  **Doc. 148, ¶4**.

Plaintiffs' motion states that they "attempted to confer with Defendants via letter prior to

filing this motion, without any response from Defendants."  **Doc. 148, ¶5.**  The letter was e-

mailed by plaintiffs' counsel to defendants' counsel on April 8, 2008, at 4:24 p.m.  The letter

demanded that defendants confirm by 6:30 p.m. that day that defendant would supplement their responses "immediately." The motion was filed on April 8, 2008, at 8:57 p.m. **Doc. 148, Ex. 3**.

In their response, defendants maintain that they have now complied with the previous court orders. They also dispute the sufficiency of plaintiffs' attempt to resolve.

The court agrees that plaintiffs did not make a sufficient attempt to resolve the controversy prior to filing the motion. A single e-mail sent less than five hours before filing a motion (after the close of normal business hours) does not constitute a good faith attempt to resolve.

Upon consideration and for good cause shown, Plaintiffs' Motion for Sanctions for Defendants' Violation of the January 24, 2008, and February 6, 2008, Court Orders **(Doc. 148)** is **DENIED**.

**IT IS SO ORDERED.**

**DATE: June 17, 2008.**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**