IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PAT BEESLEY, et al.,** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil No. **06-703-DRH** |
| | ) |
| **INTERNATIONAL PAPER COMPANY,** | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

**PROUD, Magistrate Judge:**

Before the court are two related motions filed by defendants. They are Defendants' Motion to Compel Complete Discovery Responses from Plaintiffs **(Doc. 181)** and Defendants' Motion to Compel Complete Discovery Responses from Plaintiffs **(Doc. 207)**. Plaintiffs filed responses at **Docs. 193 and 210.**

In both of these motions, defendants seek information about the named plaintiffs' personal investments. In **Doc. 181**, defendants seek an order requiring plaintiffs to respond to interrogatories and requests for production. Interrogatory number 6 states as follows:

> describe in detail your investments and the investments of your spouse, since September 11, 2000, including but not limited to investments in Individual Retirement Accounts, brokerage accounts, money market accounts, mutual funds, stocks or bonds, real estate, real estate investment trusts, options, futures, derivative contracts, limited or general partnerships, business ventures, trusts and investments made through any employee benefit plan, *including but not limited to the Plan*, and any other employer sponsored plan, individual retirement account, or retirement vehicle.

Requests for production numbered 1, 4, 5, and 19 seek documents related to plaintiffs' investments other than the International Paper (IP) plans at issue. Defendants have agreed that

1

they will not seek any information relating to investments that are owned solely by non-party spouses.

Plaintiffs object to providing information about investments other than the IP plans on the basis of relevance and burden. Plaintiffs also point out that defendants have already deposed the named plaintiffs, and they have not sought nor received leave to depose them a second time, pursuant to Fed.R.Civ.P. 30(a)(2). For their part, defendants argue the requested information is relevant to the allegation in the amended complaint that defendants chose imprudent investment options for the IP plans. They argue that plaintiffs' investment decisions are relevant to damages, and whether the named plaintiffs are suitable class representatives.

Defendants cite a number of cases in their motion, none of which are on point in that they do not involve claims brought under ERISA against 401(K) plans. Defendants' main argument is that other investments are relevant to the claim that defendants chose imprudent investment options for the plans.

The Amended Complaint **(Doc. 169)** alleges that defendants chose imprudent investment options for the plans at issue. Specifically, at paragraph 173, plaintiffs allege that it was imprudent to maintain the IP Company Stock Fund as an investment option because it has "consistently and substantially underperformed the benchmarks IPC chose to use for comparison (the S&P Paper and Forest Products Index and the S&P 500 Materials Index) while charging participants of the Plans excessive and unnecessary fees." Further, plaintiffs allege that "Company stock was such an abysmal failure as an investment that Defendants dumped it from the defined benefit (pension) plan where IPC's bottom line was at risk and removed stock options as a method of compensation, all without telling participants in the plans; yet, prevented

participants in the 401k plan, where the risk of maintaining the Company Stock Fund is on them, from selling company stock when they wanted to do so and continue to maintain it in the 401k plan to this date." **Doc. 169, ¶173.** At paragraph 189(H), plaintiffs allege that defendants breached their fiduciary obligations to the plans by "Offering and maintaining imprudent investment options in the Plan and failing to provide investment options which it used in its defined benefit (pension) plan for greater returns." At paragraph 189(P), plaintiffs allege that defendants breached their fiduciary obligations to the plans by "Allowing imprudent investment options, including the Company Stock Fund, to remain as investment options in the Plan when said investment options consistently underperformed, were maintained in the Plan for reasons other than those which a prudent fiduciary would consider appropriate, and/or to benefit IPC in violation of §1104(b) of ERISA." At paragraph 189(Q), plaintiffs allege that defendants breached their fiduciary obligations to the plans by "Forcing Plan participants to own company stock in order to have a 401k plan and prohibiting them from selling it until age 55 in violation of

§1104(b) of ERISA."

The court finds defendants' arguments unpersuasive. Plaintiffs are suing under Section 502(a)(2) of ERISA. **See, Doc. 169, Count 1, at page 47.** Defendants' fiduciary duty is to the plans themselves, not to the individual participants, and the claim brought by plaintiffs here is for damages to the *plans*. ***Massachusetts Mutual Life Insurance Company v. Russell*, 473 U.S. 134, 140, 105 S.Ct. 3085, 3089 (1985).** *Massachusetts Mutual* involved a defined benefit plan as opposed to a defined contribution, or 401(K) plan, but the Supreme Court recently held that, in the context of a defined contribution plan, "although § 502(a)(2) does not provide a remedy

for individual injuries distinct from plan injuries, that provision does authorize recovery for fiduciary breaches that impair the value of plan assets in a participant's individual account." ***LaRue v. DeWolff, Boberg & Associates, Inc.*, 128 S.Ct. 1020, 1026 (2008).** See also, ***Rogers v. Baxter International, Inc.*, 521 F.3d 702 (7th Cir. 2008)**, which involves a claim under ERISA by participants in a defined contribution plan that the defendants breached their fiduciary duty by allowing "participants to invest in Baxter's stock, despite knowing that it was overpriced in the market and hence a bad deal." ***Rogers*, 521 F.3d at 704.** The Seventh Circuit held that plaintiffs could maintain their action even though some "participants suffered losses in their individual accounts; other participants whose accounts did not contain Baxter's stock were unaffected." *Id.* Thus, whether a particular investment option is imprudent must be judged not by its prudence for any individual plan participant, but by its prudence for the plan as a whole.

The issue of whether the named plaintiffs are suitable class representatives is properly assessed from the point of view of the defendants' actions, i.e, "whether the named representatives' claims have the same essential characteristics as the claims of the class at large." ***Clay v. American Tobacco Company*, 188 F.R.D. 483, 491 (S.D.Ill.,1999), citing .** *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983).** In the context of the plaintiffs' claims, individual differences in investment experience and sophistication are not relevant.

Lastly, defendants argue that information relating to the named plaintiffs' outside investments is relevant to plaintiffs' claim that defendants are not entitled to a defense under ERISA §404(c). That section provides that a fiduciary is not liable for a loss which results from a plan participant's control over the assets in his account. 29 U.S.C. §1104(c). Plaintiffs allege

4

that defendants are not entitled to a "safe harbor" defense under applicable regulations because defendants did not disclose pertinent information about fees, costs, and operation of the plans required for participants to make informed investment decisions.  **See, Amended Complaint, Doc. 169, ¶¶ 176 through 185.**  The named plaintiffs' outside investments are not relevant to the safe harbor allegations because the level of their personal investment experience and financial sophistication does not affect the defendants' duty to disclose pertinent information to the participants as a group.

For the foregoing reasons, Defendants' Motion to Compel Complete Discovery Responses from Plaintiffs **(Doc. 181)** and Defendants' Motion to Compel Complete Discovery Responses from Plaintiffs **(Doc. 207)** are **DENIED**.

**IT IS SO ORDERED.**

**DATE:  July 29, 2008.**

                      **s/ Clifford J. Proud**
                      **CLIFFORD J. PROUD**
                      **UNITED STATES MAGISTRATE JUDGE**