IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PAT BEESLEY, et al., )
)
    Plaintiffs, )
)
v. ) Civil No. **06-703-DRH**
)
**INTERNATIONAL PAPER COMPANY,** )
)
    Defendant. )

## ORDER

**PROUD, Magistrate Judge:**

Before the court is Defendants' Motion to Compel Supplemental Answers to Defendants' First Set of Interrogatories on the First Amended Complaint. **(Doc. 224)**. Plaintiffs filed a response at **Doc. 225.**

The court discussed the sufficiency of plaintiffs' response to these interrogatories with counsel during a conference call on August 1, 2008. **See, Doc. 222.** On August 8, 2008, defense counsel notified the court that defendants were still unsatisfied after having reviewed the reports produced by plaintiffs' expert witnesses. This motion followed.

The court agrees that plaintiffs' answers are insufficient. Plaintiffs seek to rely upon the reports of their experts for their answers to most of the interrogatories, without specifying which parts of the lengthy reports constitute the *plaintiffs'* answers. The problem with this approach is that **Fed.R.Civ. P. 33(b)(1)** requires that interrogatories must be answered "by the party to whom they are directed." The plaintiffs may adopt specific portions of the reports as their answers, but defendants are entitled to know which parts of which reports are being adopted.

1

Plaintiffs' responses are too general and broad.[1] For instance, interrogatory number 3 asks plaintiffs to "Describe each fact and identify each document that relates to your contention that Defendants used improper and misleading benchmarks for investment options in the plan, including but not limited to, the Stable Value Fund, the Company Stock Fund, and the Smart Mix Fund and state the date on which each allegedly improper and/or misleading benchmark was used." Plaintiffs' response is to refer to two depositions, quarterly reports, and "all other documents related to the benchmarks of investment options in the Plans." Plaintiffs' answer is akin to saying that "the documents that relate to the benchmark claim are the documents that relate to benchmarks." The answers to the other interrogatories are similarly broad.

The court recognizes that **Rule 33(d)** permits a party to answer an interrogatory by specifying portions of its business records wherein the responsive information may be located. Plaintiffs' answers do not comply with this provision. First, the documents that are referenced in plaintiffs' answers are not their own business records, which is what the Rule contemplates. Secondly, plaintiffs have made broad and general designations of documents, rather than specifying the records "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." **Rule 33(d)(1)**.

For their part, plaintiffs timely objected that the interrogatories are overbroad and overly burdensome in that they ask plaintiffs to "Describe each fact and identify each document that relates to your contention that ...." This is a difficult task in a case wherein a very large number (according to plaintiffs, over one million pages) of documents has been produced. Furthermore, they complain, defendants have defined "relates to" very broadly, to include even documents that "refer to" or "relate to directly or indirectly."

---

[1] Defendants directed a separate set of interrogatories to each plaintiff. As each plaintiff served identical responses, the court will refer to plaintiffs' answers in the collective.

Plaintiffs' point is well taken. It would be almost impossible to meaningfully answer the interrogatories as they are now stated. Defendants are casting too wide a net, and plaintiffs are trying to avoid being pinned down at all. The court concludes that both the interrogatories and the answers thereto need some revision.

**Rule 37(a)(5)(C)** provides that, on a motion to compel, the court may "issue any protective order authorized under Rule 26(c)." **Rule 26(c)**, in turn, gives the court wide latitude to limit the scope of discovery or to specify the terms of discovery or disclosure.

Upon consideration and for good cause shown, Defendants' Motion to Compel Supplemental Answers to Defendants' First Set of Interrogatories on the First Amended Complaint **(Doc. 224)** is **GRANTED in part and DENIED in part as follows**:

1. Defendants' First Set of Interrogatories on the First Amended Complaint are modified by deleting the phrase "Describe each fact and identify each document that relates to your contention," and substituting the phrase, "State the factual basis for and identify each document which principally supports your contention" in each interrogatory.

2. Plaintiffs shall supplement their answers to defendants' interrogatories, modified as directed in paragraph 1 above, by **September 12, 2008.** References to depositions, documents, or expert reports shall be made with enough specificity to allow all parties to locate the responsive information in the deposition, document, or expert report referenced.

**IT IS SO ORDERED.**

**DATE: August 22, 2008.**  s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U.S. MAGISTRATE JUDGE**