IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAT BEESLEY, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Civil No. **06-703-DRH** |
| INTERNATIONAL PAPER COMPANY, et al., | ) |
| Defendants. | ) |

# ORDER

**PROUD, Magistrate Judge:**

Before the court are plaintiffs' objections to portions of Defendants' Subpoenas Duces Tecum addressed to plaintiffs' expert witnesses. Pursuant to the court's procedure for handling discovery disputes, see **Doc. 211**, the parties have informally presented this dispute to the court, following their attempts to resolve the dispute without court intervention.

Following receipt of defendant's subpoenas, plaintiffs served identical subpoenas on defendant's experts. Attached hereto is a copy of one of the subpoenas and plaintiffs' response and objections thereto. At issue are paragraphs 14 and 16. Paragraph 14 requests, in part, that each expert witness "Produce copies of all reports ... authored by you in other cases." Paragraph 16 requests production of "All transcripts of depositions in which you testified as an expert witness."

The experts have produced their Rule 26(a)(2) reports, which identify other cases in which the experts have testified.

The parties conferred and agreed that these two requests would be limited to materials

from other cases in which the experts' opinions were on the same topics as are in issue in the instant case. Plaintiffs still object that the requests as modified are overly broad and burdensome, and that the documents are irrelevant.

The court finds that the requested documents are, in fact, relevant in that they may provide information that will be useful for cross-examination and, perhaps, impeachment of the expert witnesses. However, the court agrees that it is overly burdensome to ask the plaintiffs' expert witnesses and counsel to gather such information for use by defendants, and vice versa. In the court's view, the burden and cost of gathering ammunition for cross-examination and impeachment should be borne by the party who intends to do the impeaching.

Limiting the requests to cases involving the same issue does not effectively reduce the burden, as someone would still have to review the materials from other cases and determine whether the particular report and/or deposition concerns issue similar enough to be responsive.

Plaintiffs also raise the question of protective orders. Protective orders or confidentiality agreements may be in effect in some of the others cases in which these experts have testified. The court will not put the burden on the expert witnesses of divining whether such orders or agreements prohibit the dissemination of the reports and/or depositions.

Plaintiffs' objections to paragraphs 14 and 16 of the subpoenas duces tecum directed to expert witnesses are sustained. Paragraphs 14 and 16 of each party's subpoenas duces tecum directed to expert witnesses are quashed.

**IT IS SO ORDERED.**

**DATE: August 24, 2008.**         s/ Clifford J. Proud
                                   **CLIFFORD J. PROUD**
                                   **UNITED STATES MAGISTRATE JUDGE**