IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PAT BEESLEY, et al.,

**Plaintiff,**

v.

INTERNATIONAL PAPER
COMPANY, et al.,                                    No. 06-00703-DRH

**Defendant.**

## ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background

Before the Court is Defendants' Appeal of Order (Doc. 223). Defendants seek to appeal the July 29, 2008 Order issued by Magistrate Judge Proud, denying their motions to compel complete discovery from the Plaintiffs (Doc. 217). Plaintiffs have filed a response to Defendants' appeal (Doc. 231). Having considered the arguments, the Court **DENIES** Defendants' Appeal of Order (Doc. 223).

Defendants filed two motions to compel complete discovery responses seeking information about the named Plaintiffs' personal investments. In their first motion to compel, Defendants sought an order requiring Plaintiffs to respond to interrogatories and requests for production, particularly about their investments and the investments of their spouses. (Doc. 181). Plaintiffs objected to providing the information about investments other than the International Paper plans and argued that Defendants had already deposed named Plaintiffs and had not sought leave to

depose of the named Plaintiffs a second time. Defendants argued, however, that Plaintiffs investments were relevant to damages and the adequacy of class representation.

In his Order denying both motions to compel, Magistrate Judge Proud found that investments of the named Plaintiffs were irrelevant to the claim that the defendants chose imprudent investment options for the plans. Judge Proud found that the imprudence of the investment options must be judged by the prudence for the plan as a whole and not the prudence for the individual participants. Further, Judge Proud found that the individual investments of named Plaintiffs was irrelevant to the issue of whether the named plaintiffs were suitable class representatives because suitability is assessed from the viewpoint of the defendants' actions. (Doc. 217, p. 4). Lastly, Judge Proud found that individual investments were not relevant to Plaintiffs' claim that Defendants are not entitled to the safe harbor defense of 404(c) because the Plaintiffs' investment experiences do not effect Defendants' duty to disclose. (Doc. 217, p. 5). Defendants now appeal these findings, requesting that the Court set aside the Order and compel discovery or, in the alternative, issue an order clarifying the scope of Plaintiff's claims with respect to 404(c). (Doc. 223).

## II. <u>Legal Standard</u>

Under Local Rule 73.1(a) of the Southern District of Illinois and Federal Rule of Civil Procedure 72(a), a district judge may modify or set aside a magistrate judge's decision only if the decision is "clearly erroneous or contrary to law." **Fed.R.Civ.P. 72(a)**. A decision is clearly erroneous when "the reviewing court on the

entire evidence is left with the definite and firm conviction that a mistake has been committed." ***Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948))**. This means that a district judge can only overturn a decision "if the district court is left with the definite and firm conviction that a mistake has been made." ***Weeks v. Samsung Heavy Indus. Co. Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)**.

District Courts are given broad discretion on matters related to discovery. ***Weeks*, 126 F.3d at 943.** If there are two permissible views, the reviewing court will not overturn the decision solely because it would have chosen the other view.

### III. <u>Analysis</u>

The Court notes that Defendants' Appeal does not specifically allege Judge Proud's analysis is clearly erroneous. While Defendants note in their caption that the order "mistakenly failed to consider the implications of plaintiffs' claim that a failure to comply with section 404(c) leaves defendants liable for the imprudent investment decisions of each putative class member," the Defendants then go on to argue that discovery is necessary in order to determine whether individual participant's investment decisions were prudent. (Doc. 223, p. 4). Defendants never point to any portion of Judge Proud's analysis that they consider clearly erroneous or discuss how Judge Proud's analysis was flawed; rather, they state that Judge Proud's decision focuses on the allegations themselves and that the Order is clearly erroneous. (Doc. 223, p. 7 & 8). Defendants fail to even state the basis for why

Judge Proud's focus on the allegations in the Complaint are seriously erroneous.

Defendants claim that Judge Proud's decision was wrong because Defendants believe that discovery is necessary. The Court agrees with Plaintiffs that Defendants fail to point out where Judge Proud's analysis is erroneous; instead, they simply argue Judge Proud's decision was erroneous because they disagree with it.

Judge Proud, however, accurately identified Defendants' main argument "that other investments are relevant to the claim that defendants chose imprudent investment options for the plans." (Doc. 217, p.2). Judge Proud then addressed the allegations in the Amended Complaint and set forth a well-reasoned analysis as to why Defendants' arguments are unpersuasive. Judge Proud points out that Defendants' fiduciary duty is to the plans themselves, not the individual participants, and the claim is brought for damages to the plans. (Doc. 217, p.3) (***citing Massachusetts Mutual Life Insurance Company v. Russell*, 473 U.S. 134, 149 (1985)).** Judge Proud, providing detailed analysis, found that the issue of whether an investment option was imprudent must be judged by its prudence to the plan, not a particular participant. (Doc. 217, p. 3). Judge Proud's analysis is detailed, providing relevant case law. Defendants, on the other hand, fail to provide any case law to refute Judge Proud's reasoning. Further, they fail to point out any actual criticism of Judge Proud's decision. The Court finds that Judge Proud's analysis was detailed and accurate, and his finding that "individual differences in investment experience and sophistication are not relevant" to Plaintiff's claims was not clearly

erroneous.

Furthermore, Defendants fail to demonstrate how Judge Proud's reasoning regarding the relevance of individual investments to class certification is clearly erroneous. The Defendants fail to put forth any evidence to show how individual investments are relevant to class certification. Judge Proud correctly pointed out that the issue of whether named Plaintiffs are adequate class representatives is assessed from the Defendants' point of view. (Doc. 217, p. 4) **(citing *Clay v. American Tobacco Company*, 188 F.R.D. 483, 491 (S.D.Ill. 1999))**. Therefore, as Judge Proud correctly concluded, individual differences in investment experience are not relevant to class certification.

The Court also agrees with Plaintiffs that Defendants misunderstand the role of 404(c), which is an affirmative defense. Defendants argue that discovery is needed in light of Plaintiffs' allegations that Defendants did not comply with 404(c). However, possible compliance with 404(c) is an affirmative defense. Plaintiffs would not bear to burden of proving noncompliance with 404(c). Furthermore, in order to obtain exemption under 404(c), a fiduciary must prove compliance with complex regulatory requirements. **29 U.S.C. § 1104(c)(1)(A)**. None of those requirements have anything to do with outside investments. In fact, Plaintiffs argue in their Amended Complaint that defendants are not entitled to a "safe harbor" defense because they failed to disclose information regarding fees, expenses, and operation of the Plans. (Doc. 169, ¶¶ 176-185). As Judge Proud correctly pointed out, "the

level of personal investment experience and financial sophistication does not affect the defendant's duty to disclose pertinent information to the participants as a group." (Doc. 217, p. 5).

Defendants also contend that Judge Proud's Order is erroneous because he failed to provide a basis for denying Defendants the opportunity to depose Plaintiffs on their new claims. However, Defendants failed to provide separate reasoning for their need for new depositions, making no distinction in their arguments regarding their need for written discovery and second depositions. As Plaintiffs accurately point out, it is unclear "how Defendants can contend that Judge Proud was required to provide separate reasoning for the denial of the depositions from the denial of written discovery, when Defendants themselves made the exact same arguments as to each request." (Doc. 231, p. 8). Furthermore, Judge Proud accurately points out that Defendants have failed to seek leave of the court to depose participants for a second time which is required under Fed.R.Civ.P. 30(a)(2). Therefore, the Court finds that Judge Proud has adequately stated both a procedural and substantive basis for his decision to deny Defendants request for second depositions.

Finally, the Court notes that Defendants prayer for relief was improper. Defendants seem to request, as an alternative, that the Court issue an order to clarify the scope of plaintiff's First Amended Complaint, stating that Plaintiffs are not asserting the claim that Plaintiff's failed to comply with § 404(c). This request was not presented to Judge Proud as part of Defendants motion to compel, and is not

appropriate to discuss here.

## IV. Conclusion

The Court finds that Judge Proud's Order Denying Defendants' Motions to Compel Complete Discovery Responses from Plaintiffs was not clearly erroneous. Therefore, the Court **DENIES** Defendants' Appeal of that Order (Doc. 223).

**IT IS SO ORDERED.**
Signed this 26th day of September, 2008.

/s/   David R Herndon

**Chief Judge**
**United States District Court**