# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

PAT BEESLEY, et al.,

**Plaintiff,**

v.

INTERNATIONAL PAPER
COMPANY, et al.,                                          No. 06-00703-DRH

**Defendant.**

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background

Pending before the Court is Plaintiffs' motion for class certification (Doc. 45). Defendants oppose the motion. Based on the pleadings and applicable case law, the Court **GRANTS** the motion.

Plaintiffs Pat Beesley, Greg Martin, Ron Miller, Willie Mitchell, Anthony Reed, David Miller, John Tonelle, Paul Glenney, and Nelda Kistler bring this action against Defendants International Paper Company ("International Paper"), International Paper 401(k) Committee ("Committee"), The International Paper Fiduciary Review Committee, Robert Florio, Mark Lehman, Ethel A. Scully, Bob Hunkeler, Jerome N. Carter, Alicen Francis, David Whitehouse, and Patricia Neuhoff pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 ("ERISA"), on behalf of a proposed class of participants in the International Paper Hourly Savings Plan ("Hourly Plan") and the International Paper Salaried Savings

Plan ("Salaried Plan"). Plaintiffs allege breaches of fiduciary duty pursuant to ERISA § 409, 29 U.S.C. § 1109, ERISA §§ 502(a)(2), (3), 29 U.S.C. § 1132(a)(2), (3), and seek, among other things, to restore the Plans for losses caused by breaches of fiduciary duty. Plaintiffs claim that the breaches occurred on a plan-wide basis, and were the result of decisions made at the plan, rather than the individual level, affecting all of the participants and beneficiaries in the International Paper-sponsored 401(k) plans. Plaintiffs' First Amended Complaint contains two counts: Count I - breach of fiduciary duty pursuant to ERISA 502(a)(2) and Count II - other remedies for breach of fiduciary duty pursuant to ERISA 502(a)(3) (Doc. 169).

Plaintiffs filed their original Motion for Class Certification (Doc. 45) and Memorandum in Support of Plaintiff's Motion for Class Certification (Doc. 46) on November 22, 2006 before discovery had commenced. However, merits discovery was stayed from January 4, 2007 through September 24, 2007, until the Court ruled upon Defendants' Motion to Transfer Venue (Doc. 55). However, when the Court ruled upon that order, it imposed a stay with respect to the motion for class certification pending the outcome of an appeal of an Order granting class certification entered by District Judge Michael J. Reagan in a similar ERISA breach of fiduciary duty case, ***Lively v. Dynegy, Inc.*, 2007 WL 685861 (S.D. Ill. March 2, 2007)**. (Doc. 83).

On April 4, 2008, the Court lifted the stay regarding the class certification proceedings as the *Lively* case settled prior to the Seventh Circuit issuing a decision. (Doc. 140). On April 30, 2008, the Court issued its Amended Scheduling Order

which set the deadline for Plaintiffs to file an amended motion for class certification on July 1, 2008. Plaintiffs filed a timely amendment to their motion for class certification (Doc. 187). Defendants filed an opposition to plaintiff's supplemental and amended motion for class certification (Doc. 230). Plaintiffs have filed a reply to that opposition (Doc. 236).

## II. Facts

Defendant International Paper offers two 401(k) plans to its employees (the Hourly Plan and the Salaried Plan). Participants contribute varying percentages of their before tax (and in some cases, after-tax) earnings to the Plan. International Paper matches those contributions, also in varying percentages. The Plans are governed by ERISA. The named plaintiffs are all participants in the Plans. The assets of the Plans are held in a Master Trust. Both Plans share the services of record-keepers, investment managers, consultants, and other service providers directly and/or through the Master Trust. The expenses and administrative fees are paid out of Plan assets.

ERISA sets forth the duties that an employer (or its delegates) owe to its 401(k) plan and participants. § 403(c), 29 U.S.C. § 1103(c), requires that the plan's assets be used "solely for the exclusive purposes of providing benefits to participants" and for "defraying reasonable expenses of administering the plan." ERISA mandates that plan fiduciaries - such as the plan sponsor and administrator, as well as others acting in a fiduciary capacity - must discharge their fiduciary duties "solely in the interest of the participants and beneficiaries." **29 U.S.C. § 1104(a)(1).**

Plan sponsors, administrators and other fiduciaries must act "with the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the plan." *Id.* They must discharge these duties "with the care, skill, and diligence" that a "prudent man" acting in a similar capacity would use under similar circumstances. **29 U.S.C. § 1104(a)(1)(b)**. The fiduciaries owe these duties to all participants in 401(k) plans.

Plaintiffs allege various breaches of fiduciary duty by International Paper and other defendants. Specifically, Plaintiffs allege that the persons identified as fiduciaries in the Complaint breached their fiduciary duties by causing unreasonable and excessive administrative fees and expenses to be charged against the assets of the Plan, by maintaining the Company Stock Fund as an imprudent investment option and forcing the participants to hold company stock when Defendants had dumped it from the pension fund, by concealing and misleading participants regarding the fees charged and the risk posed by investments in the Company Stock Fund, and by assigning little to no priority to the management of the Plans.

### III. <u>Class Certification Standard</u>

Rule 23 of the Federal Rules of Civil Procedure sets forth the prerequisites for a class action: (1) a proposed class must be so numerous that joinder of all members is impracticable ("numerosity"); (2) there must be a question of law or fact common to the class ("commonality"); (3) the claims or defenses of the representative parties must be typical of the claims or defenses of the class ("typicality"); and (4)

representative parties must fairly and adequately protect the interests of the class ("adequacy"). **See Fed.R.Civ.P. 23(a)**. In addition to satisfying these four criteria, a party seeking class certification must also demonstrate that the action falls within one of the categories enumerated in Rule 23(b). **See Fed.R.Civ.P. 23(b)(1), (b)(2), (b)(3)**.

A party seeking class certification bears the burden of proving that each of the requirements under Rule 23 have been met, and a failure by the movant to satisfy any one of the prerequisite elements precludes certification. ***See General Tel. Co. of S.W. v. Falcon*, 457 U.S. 147, 160-61 (1982)**; ***Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993)**. A court has broad discretion to determine whether a proposed class meets the Rule 23 certification requirements. ***Trotter v. Klincar*, 748 F.2d 1177, 1184 (7th Cir. 1984)**. In making this determination, Rule 23 should be construed liberally to support its policy of favoring the maintenance of class actions. ***See King v. Kansas City S. Indus., Inc.*, 519 F.2d 20, 25-36 (7th Cir. 1975)**. As a general principle, a court is not allowed to engage in analysis of the merits to determine whether the case should be maintained as a class. ***Retired Police Ass'n*, 7 F.3d at 596 (7th Cir. 1993)**. However, a district court must make a preliminary review into the merits of the case if some of the considerations under Rule 23 overlap the merits. ***Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672 (7th Cir.), cert. denied, 122 S.Ct. 348 (2001)**; *see also **Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974)**. Even where the elements

of class certification are not in dispute, a court has a duty to evaluate independently the proposed class to ensure its compliance with the requirements of Rule 23. **See Davis v. Hutchins, 321 F.3d 641, 648-49 (7th Cir. 2003).**

## IV. Analysis

Courts have implied two prerequisites to class certification that must be satisfied prior to addressing the requirements of Rule 23(a): (1) the class must be sufficiently defined so that the class is identifiable; and (2) the named representative must fall within the proposed class. **Alliance to End Repression v. Rochford, 565 F.2d 975, 977 (7th Cir. 1977)**. Proper identification of the proposed class serves two purposes. First, it alerts the Court and the parties to the potential burdens class certification may entail. **Simer v. Rios, 661 F.2d 655, 670 (7th Cir. 1981)**. In this way, the court can decide whether the class device simply would be an inefficient way of trying the lawsuit for the parties as well as for its own congested docket. *Id*. Second, proper class identification insures that those individuals actually harmed by defendant's wrongful conduct will be the recipients of the awarded relief. *Id*.

Plaintiffs seek mandatory certification of the following class: "All persons, excluding the Defendants, and/or other individuals who are or may be liable for the conduct described in this Complaint, who are or were participants or beneficiaries of the Salaried Plan or the Hourly Plan and who are, were, or may have been affected by the conduct set forth in this Complaint, as well as those who will become participants or beneficiaries of either Plan in the future." (Doc. 187, pp. 9-10). The

Plaintiffs submit that the proposed class consists of over 71,291 Plan participants. (Doc. 187, p. 12).

Defendants argue that the class period is not precisely defined and, in any case, should begin no earlier than April 1, 2002, because plans before that date have material differences that would not satisfy the commonality and typicality requirements. However, the Court agrees with the Plaintiffs that this time limit argument is premature. Plaintiffs argue that ERISA as a six year statute of limitations for breach of fiduciary duty which may be tolled where a party shows affirmative misrepresentation and concealment. **29 U.S.C. § 1113.** Plaintiffs further argue that Defendants' argument is an affirmative defense argument regarding the application of the statute of limitations which requires an examination of the merits of the case. The Court finds Plaintiffs' arguments persuasive. At the certification stage, courts are not to examine the merits of the case. ***See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974)**.

Furthermore, Defendants argue that the class should exclude future participants or beneficiaries because they can not be identified, suffered no injury, and lack standing. However, the Plaintiffs, citing Article III and ***George v. Kraft Food Global, Inc.*, 2008 WL 2901058 (N.D. Ill. Jul. 17, 2008)**, argue that if plaintiffs prove their claims which lead to injunctive relief, future participants will be effected. They further argue that future class members are often included in class definitions. The Court agrees with Plaintiffs and finds that the inclusion of future

class members is particularly appropriate here because Plaintiffs request an injunction prohibiting the continuation of current practices; and this injunctive relief, if granted, would affect not just present participants, but future participants as well.

**A.    Rule 23(a) Requirements**

   **1.    Numerosity**

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." **Fed. R. Civ. P. 23(a)(1)**. Defendants do not dispute that the requirement of numerosity is satisfied and have therefore forfeited any objection to Plaintiffs' satisfaction of this requirement. *See Volovsek v. Wisc. Dep't of Agr., Trade & Consumer Prot.*, **344 F.3d 680, 689 n.6 (7th Cir. 2003) (absence of legal argument forfeits consideration of claim)**. Plaintiffs contend that thousands of International Paper employees were participants of the Plan. Plaintiffs have submitted to the Court the Plan's IRS Form 5500 filings from 2006, which show that both Plans had approximately 71, 291 participants who had account balances in the Plans that year. **(Doc. 187, Ex. 18 and 19)**. This number is well beyond the range which has been accepted as meeting the numerosity requirement. ***Swanson v. American Consumer Industries, Inc.*, 415 F.2d 1326, 1333 & n.9 (7th Cir. 1969) (forty class members satisfied numerosity)**. Thus, the Court finds that the proposed class meets the numerosity requirement of Rule 23(a)(1).

   **2.    Commonality**

Under Rule 23(a)(2), "questions of law or fact common to the class" must exist

before a class may be certified. **Fed. R. Civ. P. 23(a)(2)**. Generally, commonality is satisfied as long as there is "[a] common nucleus of operative fact" as to the class members' claims. ***Rosaio v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992)**. The presence of some factual variations among the class members does not defeat commonality, so long as there is at least one question of law of fact common to the class. ***Id.* at 1017; *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998)**.

Defendants, for the most part, do not challenge plaintiffs' satisfaction of Rule 23(a)(2)'s commonality requirement directly. In some instances, Defendants group their arguments for commonality and typicality together, labeling the claims uncommon and atypical. (*See* Doc. 230, pp. 16, 19). Though commonality and typicality are closely related, the tests are distinct. ***Retired Chicago Police Ass'n*, 7 F.3d 584, 596-97 (7th Cir. 1993)**.

However, Defendants do argue that the claims lack commonality because each Plan participant's claim depends on individual investment decisions. Relying on ***Summers v. State Street Bank & Trust Co.*, 453 F.3d 404 (7th Cir. 2006)**, a case applying modern portfolio theory, Defendants argue that the issue of "[prudence] cannot be adjudicated on a 'one size fits all' basis because while a particular fund may have been imprudent as to one Plan participant, it may not have been to another." (Doc. 230, p. 15). Defendants argue they have "highly individualized issues of proof" that requires the Court to deny Plaintiffs' motion for class certification. Defendants argue that "Plaintiffs' decision to invest, or not to

invest, monies into those funds depend on myriad factors", a situation that requires "highly individualized inquiries..to determine the prudence of the Company Stock Fund and the LCSF." (Doc. 230, pp. 15, 16). The Court disagrees. **See Lively, 2007 WL 685861, at \*8 ("[T]he appropriate focus in a breach of fiduciary duty claim is the conduct of the defendants, not the plaintiffs.") (citations omitted).**

Defendants' argument also largely ignores that Plaintiffs have brought this suit on behalf of the Plan under ERISA § 502(a)(2). **29 U.S.C. § 1132(a)(2)**. Actions brought under this provision of the statute are derivative in nature-that is, they focus on the injury to the plan from the fiduciary's alleged breach, rather than on injury to the individualized participants. **Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 147 (1985)**. Plaintiffs have focused their claims on the excessive fees paid by the Plans and the fiduciaries' decision to maintain Company Stock Fund as an imprudent investment by forcing participants to hold company stock when Defendants had dumped the stock from the pension fund. It is this injury, rather than direct injury to their individual accounts, that the putative class members assert. Therefore, variance in individual Plan participants' investment patterns does not undermine commonality.

Defendants also argue that Plaintiffs' claims require individualized inquiries about whether Plaintiffs justifiably relied on alleged misrepresentations regarding the Plans. The Court disagrees. **See Lively, 2007 WL 685861, at \*8 ("[T]he appropriate focus in a breach of fiduciary duty claim is the conduct of the**

**defendants, not the plaintiffs.") (citations omitted).**

Furthermore, common issues of fact are presented here. Plaintiffs contend that members of the proposed class have a common question at the heart of their case: whether defendants violated their fiduciary obligations under ERISA §§ 502(a)(2) and 502(a)(3) by misleading participants, charging excessive fees, and maintaining imprudent investments. Plaintiffs challenge the reasonableness of administrative fees charged to the assets in the Plan. These fees are paid from the accounts of all Plan participants. Furthermore, Plaintiffs allege that Defendants forced all participants in the plan to receive matching contributions in company stock and maintain those investments in their accounts. Plaintiffs also argue that the Defendants mislead all participants in the plan by dumping stock for having a low return while requiring participants to invest in the fund, claiming it had a high rate of return. (Doc. 187, p. 13). Further, because Plaintiffs' derive from defendants' actions with respect to the Plan, plaintiffs have demonstrated that their claims involve a common nucleus of operative fact. **See Keele, 149 F.3d at 594**. The Court holds that the putative class meets Rule 23(a)(2)'s commonality requirement.

### 3. Typicality

Under Rule 23(a)(3), the Court must determine whether the "claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed.R.Civ.P. 23(a)(3). A "plaintiff's claim is typical if it arises from the same event, practice, or course of action that gives rise to the claims of other class

members and the claims of the plaintiff and the class members are based on the same legal theory." **Keele, 149 F.3d at 595 (quoting *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983)).** Frequently, a finding of commonality will also equal a finding of typicality as well. ***Rosario,* 963 F.2d at 1018.** In deciding whether a plaintiff has met the typicality requirement, courts focus on the conduct of the defendant and determine whether the putative class representative and the members of the putative class claim similar injuries due to the defendant's alleged actions. ***See Rosario*, 963 F.2d at 1018.**

In this case, Plaintiffs have alleged that Defendants have breached their fiduciary duties against the Plans as a whole and every participant in the Plans. Plaintiffs assert the same injury arising from the same course of conduct as all members of the proposed plan, namely, among other things, allowing excessive fees to be charged to the Plan as a whole, misleading participants, and maintaining International Paper stock as an imprudent investment. Although the losses attributable are likely to differ from participant to participant, individual damages will not defeat typicality. ***See DeLaFuente*, 713 F.2d at 232.** Likewise, Plaintiff's claims are premised upon the same legal theory, a breach of ERISA fiduciary duties, as the claims of the proposed class.

Defendants argue that the putative class fails to meet the typicality requirement of Rule (23)(b)(3) because certain claims require individualized inquiries and there are conflicts among class members.

i. **Misrepresentation Claims**

Defendants contend that the named Plaintiffs' claims of misrepresentation are not typical of those of the class because communications were not uniform and they can not establish detrimental reliance on any alleged misrepresentation. Defendants' argument is similar to the argument they made under commonality. Plaintiffs contend that they are not required to prove detrimental reliance.

The Court agrees that the Seventh Circuit has never expressly held that detrimental reliance is an element of an ERISA breach of fiduciary duty. It has stated that the elements of such a claim are: (1) defendants are plan fiduciaries; (2) defendants breached their fiduciary duty; and (3) the breach caused harm to the plaintiff. **See Brosted v. Unum Life Ins. Co. of Am., 421 F.3d 459, 465 (7th Cir. 2005).** Courts deciding similar questions regarding omissions and misrepresentations under ERISA section 502(a)(2) claims have concluded that if alleged misrepresentations were made to class members in general, on a plan-wide basis (rather than individually or personally), then typicality is present and class certification is appropriate. **See Nauman v. Abbott, 2007 WL 1052478, at *2-3(N.D. Ill. Apr. 3, 2007); Rogers v. Baxter, 2006 WL 794734, at *4 (N.D. Ill. Mar. 22, 2006); Nelson v. IPALCO Enter., Inc., 2003 WL 23101792 (S.D.Ind. Sept. 30, 2003)**.

Further, Plaintiff's claims are on behalf of the Plans and arise out of information disseminated on a Plan-wide basis, so there is no need to make

individualized determinations of reliance. Plaintiffs contend the information that defendants distributed to Plan participants was on a Plan-wide basis and that their claims arise out of these statements. Defendants have provided nothing to indicate to the contrary. Rather, Defendants argue that Plaintiffs reviewed some materials and chose not to look at others, causing them to rely on a variety of information. Because Defendants do not dispute that they distributed information in a Plan-wide and broad manner, the Court finds that individualized determinations as to the Plaintiffs' reliance on this information likely will be unnecessary. Thus, what plaintiffs knew, and when, regarding their claims of misrepresentation, does not defeat typicality.

### ii. Class Member Conflicts

Defendants argue that there are numerous conflicting interests among the named Plaintiffs and the putative class members, making the named Plaintiffs' claims atypical to the class. They rely on an expert report by David Ross to argue that, under the seller-purchaser theory, conflicts amongst class members would make it nearly impossible to maintain a class action in an ERISA suit. (Doc. 230, Ex. 41). The Court rejects this argument. Courts have overwhelmingly rejected the seller-purchaser conflicts theory as precluding class certification in securities fraud class actions. **See Lively, 2007 WL 685861, at \*12 (citing cases rejecting the seller-purchaser conflict theory because such a conflict does not preclude a finding of typicality when any differences in the proof of damages are peripheral**

and, in the end, are substantially outweighed by the class common interests).

4. Adequacy of Representation

Rule 23(a)(4) requires that class representatives must "fairly and adequately protect the interests of the class." **Fed.R.Civ.P. 23(a)(4)**. In order to satisfy the requirements of Rule 23(a)(4), the class representative must "possess the same interest and suffer the same injury as the class members." ***Uhl v. Thoroughbred Tech. & Telecomms., Inc.*, 309 F.3d 978, 985 (7th Cir. 2002).** A plaintiff is an adequate representative so long as his claim is not in conflict with or antagonistic to those of other class members. ***See Retired Chicago Police Ass'n*, 7 F.3d at 598.**

Defendants make the same argument as they did for typicality, arguing that there are numerous conflicting interests among the named Plaintiffs and the putative class members, making the named Plaintiffs inadequate representatives of the class. They rely on an expert report by David Ross to argue that under the seller-purchaser theory, conflicts amongst class members would make it nearly impossible to maintain a class action in an ERISA suit. (Doc. 230, Ex. 41).

The Court has considered Mr. Ross' report in its evaluation of this motion. Though his extensive background as an expert witness is impressive, his report does not amount to a legal conclusion regarding potential class conflicts. The Court rejects this argument. See ***Lively*, 2007 WL 685861, at *13 (finding that David J. Ross relies on a theory of "seller-purchaser" conflicts, a theory that "has been rejected by the majority of courts in class actions under ERISA § 502(a)(2), 29**

**U.S.C. § 1132(a)(2).")(citation omitted).**

As has already been noted several times, this is an action on behalf of the Plan, not for individual relief. The Court finds that its role is to determine whether the defendants breached their fiduciary duty to the Plan. Therefore, contrary to the thrust of the seller-purchaser theory, there is no inherent conflict between the claims of the named plaintiffs and those of the putative class.

Furthermore, Defendants argue that the named Plaintiffs are inadequate named representatives because they lack an understanding of their claims and the facts supporting their claims. They argue that Plaintiffs know nothing about the complaint, other than what their lawyers have told them.

However, the adequacy element is satisfied as long as Plaintiffs are not antagonistic to putative class members and demonstrate they will vigorously prosecute the interests of the Class through qualified counsel. ***Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)**. Plaintiffs do not have to be well versed in the litigation in order to be an adequate class representative. ***See Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 366 (1966) (immigrant plaintiff with limited knowledge of the complaint or defendants was an adequate class representative);** *Kamen v. Kemper Financial Servs., Inc.*, **908 F.2d 1338, 1349 (7th Cir. 1990) (plaintiff was a qualified representative even though she knew little about the case and gave her counsel "free reign").**

Here, Plaintiffs have taken an active role in the litigation. They demonstrate

a general understanding of the case and have expressed a desire to progress with litigation, including expressing a willingness to attend all hearings and trial. (See Doc. 236, Ex. 1-9). Furthermore, their attorneys are experienced in litigating class actions and has been class counsel on similar breaches of fiduciary duty cases. As matters currently stand, the Court is persuaded that the named plaintiffs will fairly and adequately represent the class as a whole as required by Rule 23(a)(4).

**B.      Rule 23(b)(1) requirements**

After fulfilling the requirements of Rule 23(a), plaintiffs must also meet one of the subsections of Rule 23(b). Plaintiffs contend that they can meet the requirements of Rule 23(b)(1) or, alternatively, meet the requirements of both Rule 23(b)(2) and (b)(3). Rule 23(b)(1) allows for certification of the class if:

> [T]he prosecution of separate actions by or against individual members of the class would create a risk of (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

**Fed.R.Civ.P. 23(b)(1)**. Though the Supreme Court has cautioned that Rule 23(b)(1) should be "narrowly interpreted," it also advised that "[a]mong the traditional varieties of representative suit encompassed by Rule 23(b)(1)(B) were those involving the 'presence of property which called for distribution or management.'" ***Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 833, 119 S.Ct. 2295, 144 L.Ed.2d 715 (1999)**

**(citations omitted)**.

Plaintiffs bring their claims on behalf of the Plans as a whole to recover benefits owed under the Plans. Any recovery of lost benefits will go to the Plans and will be held, allocated, and ultimately distributed in accordance with the requirements of the Plans and ERISA. **See In re Schering-Plough Corp. ERISA Litig., 420 F.3d 231, 235 (3d Cir.2005) (plan participants' claims are on behalf of the plan to recover Plan's losses due to breach of fiduciary duty); Kuper v. Iovenko, 66 F.3d 1447, 1452-53 (6th Cir.1995) (explaining that "breaches of fiduciary duty injure the plan and, therefore, any recovery should go to the plan")**. Because Plaintiffs bring their claims on behalf of the Plans, adjudications of the representative Plaintiffs' suit would, as a practical matter, be dispositive of the interests of the other participants claims on behalf of the Plans. Further, adjudication of the claims involves the recovery and distribution of Plan assets on behalf of the Plans rather than determination of personal causes of action brought by individuals. As a result, separate actions by individual plaintiffs would impair the ability of other participants to protect their interests if the suit proceeded outside of a class context. Plaintiffs therefore meet the requirements of Rule 23(b)(1).[1]

## C. Adequacy of Counsel

Having determined that class certification is appropriate, the Court addresses the issue of adequacy of the proposed class counsel. Rule 23 provides, in part,

---

[1] Because the Court finds that certification is proper under Rule 23(b)(1), the Court need not consider Plaintiffs' alternative request for certification under Rule 23(b)(2) and (b)(3).

"Unless a statute provides otherwise, a court that certifies a class must appoint class counsel." **Fed.R.Civ.P. 23(g)(1)(A)**. The rule provides further that "[a]n attorney appointed to serve as class counsel must fairly and adequately represent the interests of the class." **Fed.R.Civ.P. 23(g)(1)(B)**. In evaluating proposed class counsel, a court must consider: the work counsel has done in identifying or investigating potential claims in the action; counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; counsel's knowledge of the applicable law; and the resources counsel will commit to representing the class. *See* **Fed.R.Civ.P. 23(g)(1)(C)(i)**. Also, the court may consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." **Fed.R.Civ.P. 23(g)(1)(C)(ii)**. The court "may direct potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney fees and nontaxable costs" and "may make further orders in connection with the appointment." **Fed.R.Civ.P. 23(g)(1)(C)(iii)-(iv)**.

Here, Defendants do not dispute that class counsel is adequate. The Court has reviewed the qualifications submitted by proposed class counsel. Further, the Court is very familiar with the law firm of Schlichter, Bogard & Denton and the high caliber work that they perform. The Court finds that the law firm of Schlichter, Bogard & Denton are highly qualified to proceed as class counsel.

## V. Conclusion

Accordingly, the Court **GRANTS** Plaintiff's motion for class certification (Doc. 46). The Court **APPOINTS** Plaintiffs Pat Beesley, Greg Martin, Ron Miller, Willie Mitchell, Anthony Reed, David Miller, John Tonelle, Paul Glenney, and Nelda Kistler, as representatives of the class. Further, the Court **APPOINTS** the law firm of Schlichter, Bogard & Denton as class counsel.

**IT IS SO ORDERED.**

Signed this 26th day of September, 2008.

/s/    David R Herndon
**Chief Judge
United States District Court**