IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAT BEESLEY, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civil No. **06-703-DRH** ) |
| **INTERNATIONAL PAPER COMPANY,** et al., | ) ) ) |
| Defendants. | ) ) |

## ORDER

**PROUD, Magistrate Judge:**

On December 1, 2008, the parties notified the court of a discovery dispute regarding plaintiffs' notice to take the deposition of a corporate designee of defendant International Paper Company.

Pursuant to the court's procedure for handling discovery disputes, see **Doc. 211**, the parties furnished the court with informal memoranda setting forth their respective positions on the issue, along with a copy of the deposition notice. A copy of the notice is attached hereto for ease of reference.

The notice requires International Paper ("IP") to designate and produce a representative or representatives on December 5, 2008, to testify on five subjects related to the "Securities Lending Program." The Securities Lending Program is defined in the notice as "the securities lending described in the Securities Lending Authorization Agreement Between International Paper Company Trust Agreement To Fund Pension Plan And State Street Bank and Trust Company {IP-ERISA482950}." December 5, 2008, is the deadline for completion of non-expert witness discovery. **See, Doc. 244.**

International Paper has been deposed twice before, albeit not on these topics. Plaintiffs seek leave to depose defendant again, pursuant to Fed.R.Civ.P. 30(a)(2)(A)(ii).

1

Defendant's objections to the deposition are as follows:

1. Plaintiffs' initial justification for the deposition was that it was necessitated due to gaps in defendants' production and discovery deficiencies. Defendant disputes that there are any such deficiencies in its discovery responses, and asserts that, if there were any such deficiencies, plaintiffs have not pursued the proper procedures to address them.

2. Plaintiffs have also stated that their experts need the information to complete their damage calculations. Defendant points out that the deadline for serving expert reports has expired, and plaintiffs' experts have already been deposed.

3. The topics are not "reasonably suited for a deposition" because they seek an "excruciating level of detail."

4. The information sought is not in the possession of IP. Rather, it is in the possession of the Retirement Income Plan of International Paper Company, which is a separate legal entity that is sponsored by International Paper Company.

In response, plaintiffs argue that the proposed deposition is not duplicative or cumulative. They point out that the previous depositions of IP's corporate designees took place before the amended complaint was filed, and the securities lending claim was first asserted in the amended complaint. Defendants continued to produce documents after plaintiffs' expert reports were disclosed. From August 2, 2008, to August 23, 2008, defendants produced over 20,000 pages; about 1,000 of those pages pertained to the securities lending program. However, the documents produced do not give complete data on the revenues from the lending program, and do not support conclusions about the percentage of such revenue that was attributable to the Savings Plans assets as opposed to the Pension Plan.

The court must grant leave to take the deposition to the extent consistent with Rule 26(b)(2). See, Rule 30(a)(2). In applying the Rule 26(b)(2) factors, the court finds that the

requested discovery is not unreasonably cumulative or duplicative, and that plaintiffs have not had an ample opportunity to obtain the information previously.  The court further finds that the likely benefit of the deposition outweighs any burden or expense.  Plaintiffs propose to take the deposition at or near IP's corporate headquarters.  The information appears to be crucial to the development and presentation of the securities lending claim, and the deposition topics are specific and limited in terms of scope and time.  In that regard, the court notes that plaintiffs are not seeking percentages of assets on a daily basis; they are only seeking the information on an annual basis for the years 2001 through 2007.

Lastly, the court notes that defendant represents that the requested information is not known to IP.  Plaintiffs point out that Rule 30(b)(6) requires the designee to testify about "information known or reasonably available to the organization."  It would be premature for the court to try to determine at this juncture whether the requested information is reasonably available to International Paper.

Upon consideration and for good cause shown, plaintiffs are granted leave to take the deposition of International Paper Company, in accordance with the attached notice.  If the corporate designee is not available on December 5, 2008, the deposition shall be taken at a mutually agreeable time at the parties' earliest opportunity.

**IT IS SO ORDERED.**

**DATE:  December 3, 2008.**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**