IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAT BEESLEY, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Civil No. **06-703-DRH** |
| INTERNATIONAL PAPER COMPANY, et al., | ) |
| Defendants. | ) |

## ORDER

**PROUD, Magistrate Judge:**

On December 9, 2008, the court held a telephone conference with counsel for the parties regarding a discovery dispute. At issue are defendants' notice to take the deposition of Greg Poplarski and defendants' subpoena duces tecum directed to Securian Financial Services. Pursuant to the court's procedure for handling discovery disputes, see **Doc. 211**, the parties furnished the court with informal memoranda setting forth their respective positions on the issues.

Mr. Poplarski is not a party to this litigation, and is not controlled by any of the parties. He is a former business contact of plaintiffs' expert Al Otto. In his deposition on November 12, 2008, Mr. Otto identified Mr. Poplarski as a person with whom he had discussed the pricing of administrative services rendered to plans such as the plans at issue here. On November 25, 2008, defendants served a notice to take Mr. Poplarski's deposition on December 4, 2008, in

1

Atlanta, Georgia. Plaintiffs did not object or move to quash the notice.[1] However, on December 2, 2008, Mr. Poplarski informed defense counsel that he would be in New York on December 4, 2008, and could not give his deposition on that day. Thereafter, Mr. Poplarski's former employer, Prudential, notified defense counsel that it wished to have its attorney attend the deposition as well. The deposition has now been rescheduled for December 12, 2008. Mr. Braden confirmed that date in an e-mail to the court and attorneys late last evening.

Plaintiffs object because (1) the discovery deadline was December 5, 2008; (2) the deposition is cumulative; (3) they are busy with the depositions of defendants' experts; (4) defendants have not been diligent in getting this discovery, since the witness was identified in Mr. Otto's deposition on November 12, 2008.

Plaintiffs's objections are denied. Defendants moved quickly to schedule the deposition, and it was originally set before the discovery deadline. The deadline for the completion of discovery regarding expert witnesses is January 6, 2009. Further, the witness is not under defendants' control. Both sides have numerous attorneys of record in this case, so the burden of covering Mr. Poplarski's deposition while preparing to depose the defense experts is not great.

Plaintiffs' objections to the subpoena directed to Securian are denied for similar reasons. Mr. Otto testified that he relied, in part, on these documents in reaching his opinions. Defendants have been trying to obtain the documents since November 20, 2008. The court notes that, during the conference on December 9, 2008, Mr. Braden stated that he anticipates that Securian will produce the documents and that an appearance for a deposition will not be

---

[1] The depositions of two other witnesses identified by Mr. Otto were taken without objection by plaintiffs.

necessary. Mr. Braden agreed that he will provide plaintiffs' counsel with copies of any documents that are produced by Securian.

Upon consideration and for good cause shown, plaintiffs's objections to the defendants' notice to take the deposition of Greg Poplarski and defendants' subpoena duces tecum directed to Securian Financial Service are **DENIED**. Defendants are granted leave to proceed with the discovery as now scheduled.

**IT IS SO ORDERED.**

**DATE: December 10, 2008.**

<u>s/ Clifford J. Proud</u>
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**