IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**PAT BEESLEY, et al.,**
**as representative of a class of**
**similarly situated persons, and on**
**behalf of the International Paper**
**Company Salaried and Hourly**
**Savings Plans,**

**Plaintiffs,**

v.  No. 06-703 DRH

**INTERNATIONAL PAPER COMPANY,**
**et al.,**

**Defendants.**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I. INTRODUCTION

This case is a class action for breach of fiduciary duty brought pursuant to the **Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461**. On April 30, 2008, Plaintiffs were granted leave to file an amended complaint. (Doc. 168). The next day, May 1, 2008, Plaintiffs filed a first amended complaint (Doc. 169), which revised certain allegations and added/terminated certain parties in response to discovery. Essentially, however, Plaintiffs claims remain the same. Plaintiffs allege that they are participants in employee benefit plans of which

Defendants are fiduciaries, all within the meaning of ERISA. *See* **29 U.S.C. § 1002(2)(A), (3), (7), (21)(A)**. Plaintiffs allege that Defendants have breached their fiduciary duties under ERISA. *See* **29 U.S.C. § 1104; 29 U.S.C. § 1109**. Plaintiffs assert claims under **ERISA § 502(a)(2)** and **(a)(3), 29 U.S.C. § 1132(a)(2) and (a)(3)**, and were granted certification of a class of similarly-situated persons (Doc. 240).

Now before the Court is Defendants' motion for more definite statement and to strike jury demand. (Doc. 177). The present motion for more definite statements and to strike jury demand has been fully briefed (*see* Docs. 188, 195, and 197). Having fully considered the facts and arguments presented by both sides, the Court **DENIES** Defendants' motion for more definite statement and **GRANTS** Defendants motion to strike jury demand. (Doc. 177).

## II. Motion for a More Definite Statement

Defendants have moved to require Plaintiffs to provide a more definite statement under **Rule 12(e) of the FEDERAL RULES OF CIVIL PROCEDURE** alleging that (among other things): Plaintiffs plead no new facts to support their "stock drop" claim, and no facts from which Defendants could reasonably infer the basis for the claim; Plaintiffs fail to allege when the IP stock allegedly became imprudent, i.e., the date upon which the Defendants allegedly had a duty to remove the IP stock from the Plans by selling if off; and Plaintiffs fail to plead their accusations of fraud and concealment with particularity .

Rule 12(e) permits a filing of a motion for more definite statement when a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." **FED. R. CIV. P. 12(e).** Such relief applies to a small class of pleadings that, though "sufficiently intelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed," nonetheless are "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." ***Vician v. Wells Fargo Home Mortgage*, No. 05-cv-144, 2006 WL 694740, at \*9 (N.D. Ind. Mar. 16, 2006). See also *Metso Paper, Inc. v. Enerquin Air Inc.*, No. 06-C-1170, 2007 WL 486635, at \*5 (E.D. Wis. Feb. 12, 2007) (noting that "Rule 12(e) motions…are generally disfavored and are not intended as a substitute for the…normal discovery process."); *Parus v. Cator*, No. 05-C-0063-C, 2005 WL 1458770, at \*3 (W.D. Wis. June 17, 2005) ("Rule 12(e) motions are rarely granted…; indeed, …judges are admonished to exercise their discretion sparingly in ordering more definite statements.").** The rule is aimed at unintelligibility rather than lack of detail. ***Jones v. Dave Miller Buick*, No. 98-C-5666, 1999 WL 116217, at \*1 (N.D. Ill. Mar. 2, 1999).** If the plaintiff's complaint is sufficiently definite to enable the defendants to know what is charged, it is sufficiently definite to overcome a Rule 12(e) motion. ***Id.***

Also worth noting is that claims of breach of fiduciary duty under ERISA are subject to no pleading standard more stringent than **Rule 8 of the FEDERAL**

**RULES OF CIVIL PROCEDURE**, which requires a plaintiff to present only "a short and plain statement of the claim showing that the pleader is entitled to relief" and states that "[e]ach averment of a pleading shall be simple, concise, and direct." **FED. R. CIV. P. 8(a)(2), (e)(1).** See also *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 284 F. Supp. 2d 511, 652 (S. D. Tex. 2003) ("ERISA does not have heightened pleading requirements but is subject to the notice pleading standard of [Rule 8], i.e., …a short and plain statement of the claim showing that the pleader is entitled to relief…and that provides a defendant with fair notice of the claim against him."). Although Defendants suggest that Plaintiffs must meet **FEDERAL RULE OF CIVIL PROCEDURE 9(b)**'s heightened "particularity pleading" standard, Courts generally hold that a claim for breach of fiduciary duty under ERISA are not subject to the heightened pleading requirements even though some of the allegations of breach of fiduciary duty under ERISA are arguably sound in fraud or deceit. *Spano v. Boeing Company*, No. 06-cv-743-DRH, 2007 WL 1149192, at *2 (S.D. Ill. April 18, 2007). See also *In re AEP ERISA Litig.*, 327 F. Supp. 2d 812, 822 (S. D. Ohio 2004) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (holding that plan participants were not required to satisfy heightened pleading requirements for alleged material misstatements or omissions by plan fiduciaries); *Rankin v. Rots*, 278 F. Supp. 2d 853, 866 (E.D. Mich. 2003) ("While some of the allegations in support of [the ERISA] claim are similar to fraud allegations,…the gravamen of [the plaintiff's] claim is grounded in ERISA.

**The heightened pleading requirement under Rule 9(b) will not be imposed where the claim is for a breach of fiduciary duty under ERISA).**

Defendants further argue that Rule 12(e) should not be read literally citing **Teradyne v. Clear Communications Corp., 707 F. Supp. 353, 354 (N.D. ill 1989) (noting that "[t]he rule that a more definite statement should not be granted unless response is impossible or unintelligible to the point of incomprehensibility is found in the cases, but taken literally, cannot be the law.").** As the Plaintiffs' correctly point out "incomprehensibility" is not an element of the rule and *Teradyne*'s finding that it should not be part of the analysis does not affect the Court's analysis. Further, *Teradyne* noted that when determining whether a more definite statement should be required, the Court must look at what sort of answer would be submitted by the defendants to the complaint and "if, after complaint and answer are filed, the court would have no clear notion of the essence of the case, then a more definite statement is probably needed." *Id.* **at 354.** As Plaintiffs allege, the amended complaint is essentially the same as the original pleading previously answered by Defendants.

Defendants' primarily complaint is that the first amended complaint lacks detail supporting its claim, including specific dates on which the Plan's investment options became imprudent and facts to support their "stock drop" claim. The first amended complaint alleges claims under ERISA § 502(a)(2) and (a)(3) based on Defendants' alleged breaches of fiduciary duty. Essentially, Plaintiffs'

claims remain the same although the first amended complaint revises certain allegations and adds/terminates certain parties in response to discovery. From a reading of the Complaint, it is obvious to the Court that this is not one of the unusual cases in which purported violations of Rule 8 warrant a more definite statement. It is possible for persons of reasonable intelligence to discern from a reading of the Complaint, the nature of Plaintiff's claims.

While Defendants assert that Plaintiffs' failure to allege a "date of imprudence" prevents Defendants from developing defenses based upon conditions prevailing at various times within International Paper and precludes Defendants' experts from determining what losses would be incurred by Plaintiffs over the unspecified time period, Defendants fail to cite a relevant case supporting their proposition that a more definite statement is warranted when Plaintiffs omit the "date of imprudence" in a ERISA case. Plaintiffs, however, argue that their case is more analogous to those types of cases where courts have not required specific dates, because the events occurred over an extended period of time or the dates were uncertain. **See *Doe v. Bayer Corp*, 367 F. Supp. 2d 904, 916-17 (M.D.N.C. 2005) (finding that plaintiff's history of vaccinations and symptoms is the type of information "that discovery procedures are designed to manage"); *Geir v. Educational Serv. Unit No. 16*, 144 F.R.D. 680, 685-86 (D. Nev. 1992) (denying request for specific date of instances of abuse because those dates were properly left for discovery)**. The Court agrees. A plaintiff is not required to set out all of the

details of his claim as such details "are available to the defendant through the utilization of...pretrial discovery techniques." ***Garza v. Chicago Health Clubs, Inc.***, 329 F. Supp 936, 942 (N.D. Ill. 1971). See also *George v. Kraft Foods Global, Inc.*, Case No. 06-cv-798-DRH, 2007 WL 853998, at *2 (S.D. Ill. Mar. 16, 2007) **(noting that motions for more definite statement are not intended as a substitute for obtaining factual details through the normal discovery process).** As plaintiffs argue, the "date of imprudence" is an extended period of time. The alleged breaches occurred and the investment options were imprudent over a long period of time and the precise date of that imprudence is available through discovery.

Further, Defendants' discovery demonstrates their ability to obtain that information. While Defendants claim that Plaintiffs fail to allege specific dates or what options were imprudent and are unable to engage in meaningful discovery because of the insufficiency of the first amended complaint, Defendants interrogatories seek that exact information as well as other information Defendants claim is lacking from the first amended complaint. (See Doc. 188, Ex. 1, pp. 4-7). Defendants interrogatories demonstrate that Defendants have an understanding of Plaintiffs' claims. Therefore, the first amended complaint is not so unintelligible that Defendants cannot frame an answer, thus warranting a more definite statement under Rule 12(e). **See 5C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1376 (3d ed. 1998 & Supp. 2007) (collecting cases).** The motion

for a more definite statement is **DENIED**.

### III. Motion to Strike Jury Demand

Defendants argue that Plaintiffs are not entitled to a jury trial under either ERISA or the Seventh Amendment and the Court should strike Plaintiffs' demand for a jury. Plaintiffs assert that the relief they seek includes a legal remedy and, therefore, they are entitled to trial by jury under the Seventh Amendment. Alternatively, Plaintiffs request that the Court empanel an advisory jury under **FEDERAL RULE OF CIVIL PROCEDURE 39(c)(1)**.

In this Circuit, courts commonly rely on **FEDERAL RULE OF CIVIL PROCEDURE 12(f)** to strike a plaintiff's demand for a jury trial where as a matter of law the plaintiff has no right to a jury trial. **See, e.g.,** *Consolidated City of Indianapolis v. Union Carbide Corp.*, **No. 1:02-CV-1340-LJM-WTL, 2003 WL 22327833, at \*\*1-2 (S.D. Ind. Oct. 8, 2003) (granting under Rule 12(f) a request to strike a plaintiff's demand for a jury trial in an action brought pursuant to the Comprehensive Environmental Response, Compensation and Liability Act)**. It is, of course, "the general rule that motions to strike are disfavored. This is because motions to strike potentially serve only to delay." *Heller Fin., Inc. v. Midwhey Powder Co.*, **883 F.2d 1286, 1294 (7th Cir. 1989)**. However, where a motion to strike "removes unnecessary clutter from the case [it] serve[s] to expedite, not delay." *Id*.

The Seventh Amendment sets forth the constitutional basis for the right

to a jury trial in federal court: "In [s]uits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved[.]" **U.S. Const. amend. VII. See also Fed. R. Civ. P. 38(a) ("The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate.")**. The United States Supreme Court has interpreted this right to extend beyond "suits at common law," and to embrace all suits in which legal rights are adjudicated, as opposed to actions where equitable rights alone are at issue and equitable remedies are administered. **See *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990)**. In ***Curtis v. Loether*, 415 U.S. 189 (1974)**. The Court also held that "the Seventh Amendment . . . appl[ies] to statutory actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law." ***Id*. at 194.**

To determine whether a particular action will resolve legal rights and thus give rise to a jury trial right, a court must examine both the nature of a claim for relief and the remedy sought. **See *Wooddell v. International Bhd. of Elec. Workers, Local 71*, 502 U.S. 93, 97 (1991) (citing *Terry*, 494 U.S. at 565); *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 299 F.3d 643, 648 (7th Cir. 2002))**. Specifically, the Court must first compare the statutory action in question to analogous 18th-century actions brought prior to the merger of the

courts of law and equity. Second, the Court must examine the remedy sought, and determine whether the claim and the remedy are legal or equitable in nature. **See Tull v. United States, 481 U.S. 412, 417-18 (1987)**. The second inquiry is the more important one in the analysis. **See Terry, 494 U.S. at 565; Jefferson Nat'l Bank of Miami v. Central Nat'l Bank of Chicago, 700 F.2d 1143, 1149 (7th Cir. 1983)**.[1]

The law of this Circuit holds broadly that actions under ERISA are deemed to be equitable in nature, in light of the origins of ERISA, as discussed, in "the law of trusts, which provides a beneficiary with a legal remedy only with respect to money the trustee is under a duty to pay unconditionally and immediately to the beneficiary." **Wardle v. Central States, S.E. & S.W. Areas Pension Fund, 627 F.2d 820, 829 (7th Cir. 1980). See also Mathews v. Sears Pension Plan, 144 F.3d 461, 468 (7th Cir. 1998) (stating in an ERISA action for pension benefits that "there is no right to a jury trial in an ERISA case . . . the reason being that ERISA's antecedents are equitable[.]")**. Although the United States Court of Appeals for the Seventh Circuit has not spoken directly to the question of whether there is a right to a jury trial in an action under ERISA § 502(a)(2), 29 U.S.C. §

---

[1]The Supreme Court has identified a third consideration in determining whether an action is legal or equitable for Seventh Amendment purposes, namely, "the practical abilities and limitations of injuries." **Ross v. Bernhard, 396 U.S. 531, 538 n.10 (1970)**. However, this criterion is relevant only to a determination of "whether Congress has permissibly entrusted the resolution of certain disputes to an administrative agency or specialized court or equity, and whether jury trials would impair the functioning of the legislative scheme." **Granfinanciera, S.A. v. Norberg, 492 U.S. 33, 42 n.4 (1989)**. Accordingly, this Court does not consider this criterion in this instance.

1132(a)(2), the Court has no difficulty concluding that such a claim is equitable in nature. As a sister court in this Circuit observed, "the rights being asserted [in an ERISA suit for breach of fiduciary duty] – the right to an accounting of a fiduciary's exercise of his trust; the right to recover gains derived from fiduciary breaches; and the right to expect that a fiduciary will act with fidelity and prudence – are rights created . . . by the trust instrument which established the [Plan]. Such an instrument, while it has been drafted in conformity with . . . statutory requirements, is nonetheless in substance a creature of equity jurisprudence." **Donovan v. Robbins, 579 F. Supp. 817, 821 (N.D. Ill. 1984) (emphasis omitted)**. Similarly, as in *Robbins*, Plaintiffs "[do] not seek to recover on [their] own behalf, but rather, [are] asserting the beneficial rights of [Plan] participants. Whatever recovery is had is to be for the benefit of the [Plan]. This is a paradigmatic application of the equitable remedies of restitution and accounting." **Id. at 822.** The Court agrees with *Robbins* that Plaintiffs' claims under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), are essentially equitable in nature, so that Plaintiffs have no right to a jury trial on those claims.

Plaintiffs. however, argue that in **Great-West Life & Annuity Ins. Co. v. Knudson, 543 U.S. 204 (2002)**, the Supreme Court rejected the simple formula that causes of action and remedies under ERISA are necessarily equitable. Plaintiffs argue that they seek legal relief in the form of compensatory damages and that the Seventh Amendment confers the right to a jury trial. However, Plaintiff's reliance on

*Knudson* is misplaced. In *Knudson*, the Supreme Court stated that "restitution is a legal remedy when ordered in a case at law and an equitable remedy...when ordered in an equity case, and whether it is legal or equitable depends on the basis for the plaintiff's claim and the nature of the underlying remedies sought." ***Knudson*, 534 U.S. at 213 (quoting *Reich v. Continental Casualty Co.*, 33 F.3d 754, 756 (7th Cir. 1994))**. The Supreme Court in *Knudson* did not address the right to a trial by jury. Further, the underlying basis of *Knudson* is not analogous to the instant case. *Knudson* involved a lawsuit by an insurance company against a beneficiary, with the insurance company seeking restitution under a contractual indemnity provision and the Court in *Knudson* found that the insurance company had no claim for equitable relief. The holding in *Knudson* that the insurance company had no claim for "equitable relief" has no bearing on the present matter, since "a contractual claim for indemnity against a nonfiduciary would never have been considered as involving equitable relief." ***Abbott v. Lockheed Martin Corp.*, No. 06-cv-0701-MJR, 2007 WL 2316481, at *2 (S.D. Ill. Aug. 13, 2007)**. Further, *Knudson* was construing § 502(a)(3) rather than § 502(a)(2). ***Id.*** While Plaintiffs seek to convince the Court that *Knudson* requires a jury trial whenever a plaintiff is seeking a monetary award, the relief sought is clearly equitable in nature. It is well-established that the mere fact that plaintiffs seek monetary relief does not require that a remedy be deemed legal in nature. ***Curtis*, 415 U.S. at 196**; **see also *Abbott*, 2007 WL 2316481, at *2**.

The Court further notes that the overwhelming weight of authority in the federal courts holds that actions under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), by participant-beneficiaries and fiduciaries to remedy, as in this instance, alleged violations of ERISA § 409(a), 29 U.S.C. § 1109(a), are equitable in nature for purposes of the Seventh Amendment jury trial right.  **See *Spano*, 2007 WL 1149192, at \*8 (collecting cases).**  Therefore, the Court concludes that Plaintiffs' jury demand as to their claims under ERISA §502(a)(2) and (a)(3), 29 U.S.C. § 1132(a)(2) and (a)(3), must be stricken.

However, Plaintiffs have requested, in the alternative, that the Court empanel an advisory jury under **FEDERAL RULE OF CIVIL PROCEDURE 39(c)(1)**.  Rule 39(c)(1) provides that "[i]n an action not triable of right by a jury, the court, on motion or on its own may try any issue with an advisory jury…"  **FED. R. CIV. P. 39(c)(1)**.  The trial court has discretion "to submit an equitable claim to the jury for a binding verdict." *Kramer v. Banc of Am. Sec. LLC*, 355 F.3d 961, 968 n.2 (7th Cir. 2004); *U.S. v. Ellix Research Labs, Inc.*, 300 F.2d 550, 554 (7th Cir. 1962) **("the use of an advisory jury under 39(c) lies within the discretion of the trial court and is not a matter of right")**.

Plaintiffs argue that it is appropriate for the Court to empanel an advisory jury where it believes that the advice of a jury would be of particular aid given the nature of the action or the proof to be submitted. *Price v. Marshall Erdman & Assoc., Inc.*, 966 F.2d 320, 324 (7th Cir. 1992) ("An equity judge can

**always submit an issue to a jury for advice, but he is not bound by the advisory verdict.") (citations omitted)**. Specifically, Plaintiffs argue an advisory jury would incorporate both the public's views of morality and experience with the pensions systems and disclosures underlying this breach of fiduciary duty action and also provide the Court with valuable guidance in making its own findings and conclusions. Further, Plaintiffs argue that using an advisory jury will also conserve judicial resources in the event the case is appealed and an appellate court rules that Plaintiff's had a right to a jury trial.

However, the Court finds that an advisory jury is not necessary in this case. While Plaintiff argues that an advisory jury would incorporate the public's views of morality, it is the job of the Court to decide the legal viability of Plaintiff's claims and the Court has an extensive and comprehensive statutory and regulatory framework established under ERISA in which to rely on. **See *Buckley Dement, Inc. v. Travelers Plan of Admin. of Ill.*, 39 F.3d 784, 789 (7th Cir. 1994) (finding that the role of the courts "is to apply [the comprehensive enforcement provisions established by Congress] as precisely as [it] can, rather than make adjustments according to a sense of equities in a particular case")**. Further, judicial economy will not be promoted by an advisory jury because, as stated earlier, it is clear that Plaintiffs are not entitled to a jury. Overwhelmingly the Circuits, including the Seventh Circuit, have determined that ERISA claims are equitable claims with no right to a jury trial. **See *Spano*, 2007 WL 1149192, at \*8**

**(collecting cases).** Defendants argue that an advisory jury would not promote judicial economy but rather would prolong proceedings, substantially increase the cost of the trial to the parties, and divert the Court's resources. The Court agrees. Therefore, the Plaintiffs are not entitled to an advisory jury and the Defendants' motion to strike Plaintiffs' jury demand (Doc. 177) is **GRANTED**.

## IV. Conclusion

Therefore, the Court **DENIES** Defendants' motion for more definite statement and **GRANTS** Defendants motion to strike jury demand. (Doc. 177).

**IT IS SO ORDERED.**

Signed this 4th day of February, 2009.

/s/     David R Herndon
**Chief Judge**
**United States District Court**