IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**PAT BEESLEY,**

**Plaintiff,**

**v.**

**INTERNATIONAL PAPER COMPANY, et al.,**

**Defendant.**                                                           **No. 06-703-DRH**

## ORDER

**HERNDON, Chief Judge:**

Before the Court is Plaintiffs' Motion for Reconsideration of Order Staying Proceedings (Doc. 335). Plaintiffs argue that the Court filed its Order before the expiration of the time period in which Plaintiffs were given to file their response. Plaintiffs have also submitted three arguments which they believe supports their position that this case should not be stayed pending the appeal to the Seventh Circuit. The Court will consider Plaintiffs' arguments in regards to the motion to stay as technically Plaintiffs' response was filed within the deadline period.

Specifically, Plaintiffs argue that the case differs from the *Spano* case which the Seventh Circuit stayed pending the outcome of the appeal on the class certification issue that has been consolidated on appeal with the instant case. Plaintiffs put forth that the Defendants in this case, unlike in the *Spano* case, sought discovery during the initial stay in this case. Further, Plaintiffs argue that Defendants have not removed any of the challenged investments from the Plan, which

Plaintiffs contend means that they will continue to suffer harm during the stay due to mismanagement of the Plan. Finally, Plaintiffs state that their action will proceed to trial regardless of the decision by the Seventh Circuit and therefore will not be moot as in the *Spano* case because Defendants have not moved for summary judgment on many of the claims in this case.

The power to grant a stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." **Walker v. Merck & Co., No. 05-CV-360-DRH, 2005 WL 1565839, at *2(S.D.Ill. June 22, 2005) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936))**. The decision to grant a stay is committed to a court's discretion, **see Brooks v. Merck & Co., 443 F.Supp.2d 994, 997 (S.D.Ill 2006); Rutherford v. Merck & Co., 428 F.Supp.2d 842, 845 (S.D. Ill. 2006)**, though that discretion must be exercised consistently with principles of fairness and judicial economy. **See Walker, 2005 WL 1565839, at *2**. While the *Spano* case may have some differences, both the *Spano* case and the instant case have been consolidated for appeal by the Seventh Circuit as they have similar issues before the Court. The Seventh Circuit's decision in that appeal will have a significant effect on the ultimate disposition of this case. As the Seventh Circuit has chosen to stay the related case, the Court finds that it would be imprudent to proceed in the instant case until the resolution of the class certification appeal. Accordingly, the Court **DENIES** the Plaintiffs' motion for

reconsideration of order staying proceedings (Doc. 335).

**IT IS SO ORDERED.**

Signed this 25th day of February, 2010.

/s/   David R Herndon

**Chief Judge
United States District Court**