**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| PAT BEESLEY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 06−cv−0703−DRH−SCW |
| | ) | |
| INTERNATIONAL PAPER COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

Plaintiffs are participants in Defendant International Paper Company's ("IP's") defined contribution plans, commonly known as 401(k) plans. Defendants are entities or individuals involved in the operations of IP's 401(k) plans ("the Plans"). Plaintiffs allege that Defendants breached their fiduciary duties by "causing the Plans to pay excessive fees; maintaining imprudent Plan investment options; and miscommunicating to participants about the Plans' fees and investments" (Doc. 372, p. 2). As a result of these alleged fiduciary breaches, Plaintiffs seek relief under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 101 *et seq.* District Judge David R. Herndon granted Plaintiffs' Motion to Certify Class on September 30, 2008 (Doc. 240); and, pursuant to FEDERAL RULE OF CIVIL PROCEDURE 23(f), Defendants timely filed with the Seventh Circuit Court of Appeals a petition for leave to appeal this ruling. After granting Defendants' petition, on February 15, 2011, the Court of Appeals issued a Mandate, (*see* Doc. 352); *Spano v. Boeing Co.*, 633 F.3d 574 (7th Cir. 2011), vacating Judge Herndon's class certification order and remanding this action for further proceedings.

Late in April 2011, the parties informed this Court that they had been unable to resolve a discovery dispute relating to Defendants' Third Request for Production of Documents ("RFP"). The Court—in line with its standard Case Management procedures—set the discovery dispute for a telephone conference and directed the parties to submit brief letters outlining the dispute and any relevant case law (Doc. 366). The Court conducted a telephonic discovery dispute conference on April 29, 2011, and the parties agreed that further briefing and argument was required. As such, Defendants' were directed to file a formal motion, Plaintiffs were given a brief time to respond, and the matter was reset for a Discovery Dispute Hearing on May 5, 2011. After thoroughly reviewing the papers submitted, and after hearing extensive arguments on the matter, the Court DENIED Defendants' Motion to Compel Plaintiffs' Complete Responses to Defendants' Third Request for Production of Documents (Doc. 370), in its entirety. This Order therefore is intended only to summarize the Court's prior ruling which was made on the record (*see* Doc. 373).

In their Third RFP, Defendants seek, in part, the following information from Plaintiffs:

> (1) Request No. 1: All documents or communications prepared for or by you that relate to investments, investment management or financial retirement planning for you, or you and your spouse or you and other parties, including but not limited to documents received by you from any financial planners, investment brokers, financial consultants or other parties consulted by you.

> (2) Request No. 2: Except to the extent previously produced, all documents identifying and/or relating to any asset held by you individually or jointly, whether as owner, custodian, guardian or otherwise at any time during the period of January 1, 1997 to present…[, and]

> (3) Request No. 3: All state, federal and local tax returns filed by you and/or your spouse since your 1996 tax year.

(Doc. 372, p. 5). The Plaintiffs objected to these requests as overly broad, unduly burdensome, lacking in relevance and contrary to an earlier ruling by Magistrate Judge Clifford J. Proud denying discovery of this information (*see* Doc. 217); a ruling made prior to the Seventh Circuit's Mandate (Doc. 370-2). Plaintiffs also objected to Request No. 8, whereby Defendants sought "[a]ll

documents that relate to any actions you took in reliance on, or as a result of, any communications you received relating to the Plan," on the grounds that this request was "unintelligible and impermissibly vague and ambiguous" and called for a legal conclusion (Doc. 372, p. 10).

In their Motion to Compel, Defendants argue that the Seventh Circuit's Mandate, which noted that "much work remains to be done in the district court," *Spano*, 633 F.3d at 590; Chief Judge Herndon's March 11, 2011 Order, noting that he interpreted this statement "to mean that the record is devoid of sufficient facts to thoroughly consider the class questions under consideration" (Doc. 361, p. 2); and an oral Order by Magistrate Judge Wilkerson denying Plaintiffs' Motion to Quash Subpoena in a sister case (*Spano v. Boeing*, S.D. of Ill. Case No. 06-0743-DRH, Doc. 320), all compel the "conclusion that the requested documents are directly relevant to the key issues of the adequacy and typicality of the Plaintiffs' claims" (Doc. 370, p. 2). In other words, Defendants argue that, upon remand, the posture of this action has changed and further discovery is required to comply both with the Seventh Circuit's Mandate, and Judge Herndon's March 11, 2011 Order, and to properly resolve the issue of class certification. Specifically, Defendants seek discovery related to Plaintiffs' outside investments and assets because, according to Defendants, "what Plaintiffs knew, considered or chose and what they did with their invested capital outside the Plans bears directly on whether their allocations inside the Plans were imprudent as applied to them" (Doc. 370, p. 3).

Plaintiffs respond that no further discovery related to their outside investments and assets is required because this information was previously found to be beyond the scope of discovery by Judge Proud, and because the Seventh Circuit's Mandate made no reference to Plaintiffs' investments outside of the Plan. Plaintiffs further argue that discovery of all of their outside investments and assets for a 15-year period is beyond the universe of what the Mandate contemplated for resolving the remaining class certification issues. Instead, Plaintiffs contend that all the Seventh Circuit Court of Appeals and Judge Herndon have ordered is *enough* discovery to lead

to a more fact-based, specifically defined motion for class certification. Toward this end, Plaintiffs argue that Defendants already have had the opportunity to depose Plaintiffs and question them about their outside investments and assets, and additional depositions are scheduled in the upcoming weeks.

FEDERAL RULE OF CIVIL PROCEDURE 26(b)(1) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." However, "discovery, like all matters of procedure, has ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978), *quoting Hickman v. Taylor*, 329 U.S. 495, 507 (1947). For example, under Rule 26(b)(2)(C), courts *must* limit the extent of discovery if it determines that "the discovery sought is unreasonably cumulative or duplicative … the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or the burden or expense of the proposed discovery outweighs its likely benefit.…" Indeed, judges have "substantial discretion to … curtail the expense and intrusiveness of discovery and trial." *Gehring v. Case. Corp.*, 43 F.3d 340, 342 (7th Cir. 1994). Or, put another way, "district courts enjoy broad discretion in controlling discovery." *Semien v. Life Ins. Co. of North America*, 436 F.3d 805, 813 (7th Cir. 2006).

Initially, the Court notes that all parties (and indeed all courts) involved appear to agree that more work remains to be done in this case, including some level of additional discovery. The parties' dispute centers on the scope of this additional discovery. The key to resolving the instant discovery dispute is a relevancy determination; that is, are Plaintiffs' investments and assets, *outside of the Plan*, in fact, relevant to determining whether the named representative's claims are typical of the claims of the entire class, and whether, in turn, the named representative can adequately represent the class?

The Court finds that Plaintiffs' outside investments and assets are not relevant to the remaining class certification issues of typicality and adequacy. If the myriad individual investment

decisions and outside assets of Plaintiffs are in fact relevant, then—based on the inherently diverse and infinitely unique characteristics of these outside investments and assets—it is difficult to see how a class could ever be certified. In other words, by deeming this vast amount of information "relevant" the Court could, in effect, be making a determination that is dispositive of the viability of a number of Plaintiffs' proposed sub-classes. Further, the *Spano* Opinion offers no support for such an expansive inquiry because the *Spano* Court focused its decision almost entirely on the investments held by Plaintiffs, and the decisions that both they and the Defendants made, *within* the various Plan options offered by IP. *See Spano v. The Boeing Co.*, 633 F.3d 574 (7th Cir. 2010).

Other factors militate in favor of denying Defendants' Motion to Compel. First, the Court believes that the burden and breadth of Defendants' proposed discovery far outweighs any potential benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(3). Second, at this stage in this marathon litigation, the goal is for the parties to discover only enough specific facts for the District Court to thoroughly consider the class questions that remain unresolved—namely, the issues of typicality and adequacy. In this regard, the Court agrees with Judges Herndon, Proud and Gilbert that the issue of the typicality of the named Plaintiffs' claims, and their adequacy to represent the class, is best assessed with an eye toward the Defendants' conduct (*See* Doc. 239, p. 5; Doc. 217, p. 4), *citing Clay v. American Tobacco Company*, 188 F.R.D. 483, 491 (S.D. Ill. 1999); *see also Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992); *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232-33 (7th Cir. 1983). Thus, allowing discovery of Plaintiffs' outside investments and assets would unnecessarily complicate, broaden and shift the primary focus of the Court's inquiry.

Finally, in regards to Defendants' request number 8, the Court denied this request on the grounds asserted by Plaintiffs in their objection; specifically, the Court found this request to be vague, ambiguous and overly broad. Once again, any potential benefit from this request is outweighed by the unnecessary burden that such a vaguely defined request places on Plaintiffs.

For all of the reasons outlined above, and for those articulated on the record at the May 5, 2011 Discovery Dispute Hearing, Defendants' Motion to Compel Plaintiffs' Complete Responses to Defendants' Third Request for Production of Documents (Doc. 370), is **DENIED** in its entirety. Further, as the Court noted on the record, the Defendants' proposed depositions shall go forward, but each deposition shall be limited to no longer than three and a half hours.

**IT IS SO ORDERED**.

DATED:  May 11, 2011.

/s/ **Stephen C. Williams**
STEPHEN C. WILLIAMS
United States Magistrate Judge