IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PAT BEESLEY, et al.,

Plaintiffs,

v.

INTERNATIONAL PAPER COMPANY, et al.,

Defendants.                                                    No. 06-703-DRH

**ORDER**

**HERNDON, Chief Judge:**

Before the Court is defendants' objections to and request for reconsideration of Magistrate Judge Williams' entry and order on defendants' motion to compel (Doc. 375), which the Court construed as an appeal of Magistrate Judge Williams' order on defendants' motion to compel (Doc. 374). For the reasons that follow, the Court denies the motion (Doc. 375) and affirms Judge Williams' order (Doc. 374).

**I. Background**

After the Seventh Circuit's mandate (Doc. 352) came down vacating this Court's order (Doc. 24) certifying the members of the class, plaintiffs filed an amended motion for class certification (Doc. 357) along with a memorandum in support thereof (Doc. 358). In plaintiffs' memorandum (Doc. 358), plaintiffs set forth seven different subclasses revolving around the following categories labeled as such by plaintiffs: 1)

excessive administrative fees; 2) imprudent company stock fund; 3) imprudent large cap stock fund; 4) securities lending; 5) excessive investment management fees; 6) delayed contributions; and 7) fraudulent performance reporting. The Court held a status conference where it heard arguments by the parties and ultimately entered an order (Doc. 361) allowing defendants' request for additional discovery, noting that "[c]learly the circumstances have changed."

During the course of discovery, a dispute arose between the parties regarding the scope of the additional discovery. This appeal concerns four requests for production in defendants' third request for production of documents, specifically requests one, two, three, and eight. Those requests seek the production of the following documents:

> "1. All documents or communications prepared for or by you that relate to investments, investment management or financial or retirement planning for you, or you and your spouse or you and other parties, including but not limited to documents received by you from any financial planners, investment advisors, investment brokers, financial consultants or other parties consulted by you.
> 2. Except to the extent previously produced, all documents identifying and/or relating to any asset held by you individually or jointly, whether as owner, custodian, guardian or otherwise at any time during the period from January 1, 1997 to present including but not limited to Individual Retirement Accounts, annuity contracts, life insurance policies, brokerage accounts, money market accounts, interest bearing accounts of any kind, mutual funds, stocks or bonds, real estate, real estate investment trusts, options, futures, derivative contracts, limited or general partnerships, business ventures, and trusts whether held inside or outside the Plans and whether publicly or non-publicly traded. Such documents and communications include, but are not limited to: (a) account statements and summaries; (b) prospectuses; (c) tax information; (d) promotional, marketing or

informational materials; (e) research conducted by, or provided to, you or your spouse relating to such investments; (f) documents relating in any way to the fees charged or paid with respect to such investments; and (g) any evidence of ownership or custody of such assets.
3. All state, federal and local tax returns filed by you and/or your spouse since your 1996 tax year.
. . . .

8. All documents that relate to any actions you took in reliance on, or as a result of, any communications you received relating to the Plan."

Plaintiffs refused to provide responses to the above requests, and in turn, defendants filed a motion to compel complete responses (Doc. 370). Plaintiffs filed a response in opposition, (Doc. 372) and the following day Judge Williams held a discovery dispute conference whereby he denied defendants' motion to compel (Doc. 370) and noted that a summary order would follow (Doc. 373). A few days later, Judge Williams entered an order (Doc. 374) summarizing the Court's prior ruling denying defendants' motion to compel (Doc. 373). Thereafter, defendants' filed this appeal (Doc. 375), and plaintiffs' filed a response thereto (Doc. 378). For the reasons that follow, Judge Williams' order (Doc. 374) is affirmed and defendants' appeal (Doc. 375) is denied.

## II. Analysis

The Court may modify or reverse a decision of a magistrate judge on a nondispositive issue upon a showing that the magistrate judge's decision is "clearly erroneous or contrary to law." FED. R. CIV. P. 71.1(a); SDIL-LR

73.1(a). A finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364 395 (1948)); see also *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997) ("The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made."). "When there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson*, 470 U.S. at 574 (citing *United States v. Yellow Cab Co.*, 338 U.S. 338, 342 (1949)).

The defendants' appeal can be broken down into two claims: 1) defendants request for documents that refer or relate to plaintiffs' investments outside of the International Paper Salaried and Hourly Savings Plans (the plans), i.e., requests one through three and 2) defendants' request for all documents that relate to any actions you took in reliance on, or as a result, of any communications you received relating to the plan, i.e., request number eight. The Court will address each argument in turn.

*A. Requests One through Three: Plaintiffs' Outside Investments*

With regard to requests for production one through three, defendants first contend that Judge Williams' decision erroneously ignored controlling Seventh Circuit precedent. Specifically, defendants argue that

Judge Williams' decision relies on reasoning that the Seventh Circuit rejected in *Spano v. Boeing Co.*, 633 F.3d 574 (7th Cir. 2011), the 7th Circuit's opinion vacating this Court's order certifying the classes in both this case and *Spano* and remanding for further proceedings. Furthermore, defendants contend that Judge Williams' decision is inconsistent with this Court's March 10, 2011, order, allowing discovery and setting forth new discovery deadlines. The Court disagrees.

Judge Williams narrowed the issue in this case down to a relevancy determination. Specifically, "are [p]laintiffs' investments and assets, *outside of the Plan*, . . . relevant to determining whether the named representative's claims are typical of the claims of the entire class, and whether, in turn, the named representative can adequately represent the class?" (Emphasis in original). Judge Williams found that plaintiffs' outside investments and assets were not relevant to the remaining class certification issues of typicality and adequacy. Moreover, Judge Williams noted that *Spano* offered no support for such an expansive inquiry. Rather, he found that *Spano* focused almost entirely on the investments held by plaintiffs and the decisions that both plaintiffs and defendants made within the various plan options offered by defendants.

Furthermore, Judge Williams found that other factors mitigated in favor of denying defendants' motion to compel, including the fact that the burden and breadth of defendants' proposed discovery far outweighed any

potential benefit and because the issues of typicality and adequacy were better assessed with an eye towards defendants' conduct as opposed to plaintiffs. Judge Williams' decision was not clearly erroneous or contrary to law.

Defendants seem to imply that in order to determine plaintiffs' alleged injury from the plans in this case, that the Court needs to also look at plaintiffs' outside investments. The Seventh Circuit in *Spano* said no such thing and this Court's March 10, 2011, order stating that "[c]learly the circumstances have changed" does not indicate that either. While the Seventh Circuit stated that "much work remains to be done," that does not include the discovery of irrelevant matters. As Judge Williams found, the Seventh Circuit focused on the investments within the plan, not outside the plan. There is no support in *Spano* for discovering plaintiffs' outside investments. Thus, Judge Williams' decision was not clearly erroneous or contrary to law.

Defendants next cite to *Summers v. State St. Bank & Trust Co.*, 453 F.3d 404, 409 (7th Cir. 2006), to support their position that plaintiffs' outside investments are relevant to plaintiffs' claims. In *Summers*, the Seventh Circuit considered whether the plaintiffs, a class of airline employees who owned more than half the airline's common stock through an employee stock ownership plan (ESOP), had a remedy against the ESOP trustee for imprudent management or, more specifically, for failing to sell the airline's stock as its market priced plummeted, eventually leading to the airline's bankruptcy. Significantly, the trustee was a "directed" trustee, who was

directed to invest the ESOP's assets exclusively in the stock of the airline. Without getting into the issues decided in that case, it suffices to say that defendants reliance is misplaced. *Summers* is clearly factually distinguishable from the case at hand, and defendants' reliance on *Summers* misses the mark.

*B. Request Eight: Plaintiffs' Reliance on the Plan*

As stated above, request number eight sought "[a]ll documents that relate to any actions you took in reliance on, or as a result of, any communications you received relating to the Plan." Plaintiffs objected and Judge Williams denied this request, finding it to be vague, ambiguous, and overly broad, and also finding that any potential benefit would be outweighed by the unnecessary burden that such a vaguely defined request places on plaintiffs. Again, Judge Williams' decision was not clearly erroneous or contrary to law.

On appeal, defendants argue that this request was in written in plain English that was capable of being understood by non-lawyers, and that it simply required plaintiffs to review their personal records and identify whether they have documentation to support their argument that they relied on communications relating to the plans when making other investment decisions. Defendants cite no controlling case law on this point. Plaintiffs counter that the request is so unintelligible, vague, and ambiguous as to allow any meaningful response, and that the request is duplicative and requires a legal conclusion.

Here, the Court is not left with a definite and firm conviction that a

mistake has been made. Arguably this request is vague, ambiguous, and overly broad, and the Court will not disrupt that decision absent clear error. No such error occurred in this case.

### III. Conclusion

For the reasons stated above, the Court affirms Judge Williams' memorandum and order (Doc. 374) and denies defendants' appeal (Doc. 375).

**IT IS SO ORDERED**.

Signed this 28th day of June, 2011.

**Chief Judge**
**United States District Court**