IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**PAT BEESLEY, et al.,**

**Plaintiffs,**

**v.**

**INTERNATIONAL PAPER COMPANY, et al.,**

**Defendants.**                                         **No. 06-703-DRH**

### ORDER

**HERNDON, Chief Judge:**

Boeing Company has filed a motion to file an amicus brief in opposition to plaintiffs' alternative motion to purse direct action for breach of fiduciary duties (Doc. 435), contending that because the direct action motions in this case and in *Spano v. Boeing Co.*, No. 06-cv-743-DRH, "are based upon the same legal theory and there are no material factual differences that distinguish the two motions, this Court's decision here will likely determine the outcome of the direct action motion in *Spano*." Accordingly, Boeing seeks leave to file an amicus brief "in order to present arguments and authorities that complement the arguments that the International Paper defendants advance." Otherwise, Boeing asserts that its "position may not be effectively heard, and its due process rights in connection with the direct action motion may be substantially prejudiced." Plaintiff's oppose Boeing's motion (Doc. 436), disputing that Boeing's due process rights will be prejudiced because

Boeing "position can be fully heard by simply filing its brief in *its own* case . . . before the same District Judge."  The Court agrees.

"The term 'amicus curiae' means friend of the court, not friend of a party."  *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) (opinion of Posner, J.).  "An amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision of the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide."  *Id.*  "Otherwise, leave to file an amicus curiae brief should be denied."  *Id.*  The granting or denial of an application to intervene as amicus curiae lies wholly within the discretion of the trial court.  *Clark v. Sandusky*, 205 F.2d 915, 917 (7th Cir. 1953).

Here, Boeing does not contend that defendants are not represented competently or that it has some unique information or perspective than can help the Court beyond the help that the lawyers for the parties are able to provide.  Rather, Boeing believes that it has an interest in its case that may be affected by the decision in this case and that by filing an amicus brief it will be able to "complement" the arguments defendants advance.  The Court finds that complementing defendants arguments is not sufficient reason to allow an amicus brief.  While at times this case and *Spano* have been treated as companion cases, Boeing has failed to convince this

Court that its attempt to file an amicus brief is nothing more than an attempt for the defendants to get another bite at the apple, one of the policies behind denying a party's brief. See *Ryan*, 125 F.3d at 1063 ("The vast majority of amicus briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief. Such amicus briefs should not be allowed. They are an abuse."); *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 544 (7th Cir. 2003) (opinion of Posner, J.). As plaintiffs point out, if Boeing wishes to be heard on this issue, there is nothing prohibiting Boeing from filing its response to the direct action motion in its own case, but the Court will not allow either party to gain an unfair advantage in this case or the *Spano* case by filing amicus briefs that simply "complement" either parties' positions. Thus, Boeing's (Doc. 435) motion is denied.

**IT IS SO ORDERED.**

**Signed this 17th day of November, 2011.**

Digitally signed by David R. Herndon
Date: 2011.11.17 11:19:10 -06'00'

**Chief Judge**
**United States District Court**