IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PAT BEESLEY, et al.,

Plaintiffs,

v.

INTERNATIONAL PAPER COMPANY, et al.,

Defendants.                                                                  No. 06-703-DRH

ORDER

**HERNDON, Chief Judge:**

This case had more than its fair share of discovery disputes. The current one involves the use of an expert report in support of defendants' motion for partial summary judgment (Doc. 447). Specifically, plaintiffs filed a motion to strike Erik Sirri's expert report from the summary judgment record (Doc. 453), but not from the record with regard to the class certification issue. In essence, plaintiffs contend that by not disclosing Erik Sirri as an expert by the original expert disclosure deadline in August 2008, defendants should be precluded from using Sirri as an expert in support of the merits of their position because Sirri was disclosed solely as an expert for use on the class certification issue in August 2011 after the Court reopened discovery on that issue (Doc. 453-1). The Court agrees.

**I. Background**

Defendants were originally scheduled to disclose their experts and produce

their reports by August 1, 2008.  Defendants then asked the Court for permission to disclose their expert witnesses after plaintiffs had made their disclosures.  The Court granted that request, allowing defendants until August 22, 2008, to disclose their expert witnesses and produce their reports.  Any supplemental reports were to be served by September 2, 2008, but the parties later agreed they would "exchange supplemental expert reports by September 16, 2008."

On August 22, 2008, defendants submitted four expert reports, three relating to the merits of the case and one related only to the class-certification issues.  Sirri's report was not disclosed at this time.  Defendants filed their supplemental expert reports, which plaintiffs sought to have struck because they contained opinions which could and should have been included in the original reports.  Finding plaintiffs' allegations to be true, but nonetheless giving defendants the benefit of the doubt, the Court chose not to strike defendants' supplemental reports but extended the expert witness discovery deadline only, until January 6, 2009.  All other discovery closed December 15, 2008.

Following this, the case was stayed pending the resolution of defendants' appeal of the Court's class certification order.  On February 15, 2011, the Seventh Circuit entered its mandate vacating class certification and remanding for further consideration.  On March 4, 2011, the Court held a status conference on how the case should proceed.  The Court heard oral argument from both parties as to whether additional discovery was needed and took the matter under advisement.

On March 10, 2011, the Court entered an order, noting that it interpreted the

Seventh Circuit's statement that a great deal of work was yet to be done "to mean that the record is devoid of sufficient facts to thoroughly consider the class questions under consideration in accord with that opinion."  That, along with plaintiffs' revision and approach to the class certification issue, compelled the Court to find "that additional discovery is appropriate and warranted to fully develop the class certification issue."  Accordingly, the Court allowed defendants' request for additional discovery, setting forth new deadlines on discovery, supplemental class certification briefs, if any, expert disclosure, and expert reports.  Thereafter, plaintiffs moved to extend the class certification discovery deadline and briefing schedule, which the Court granted (Doc. 384), giving the parties until August 22, 2011, to file their expert disclosures.  On that date, defendants served plaintiffs with "defendants' expert disclosures with respect to plaintiffs' amended motion for class certification," disclosing David J. Ross and Sirri as experts.  (Doc.453-1).

On December 12, 2011, defendants filed their motion for partial summary judgment (Doc. 447) along with their memorandum in support thereof (Doc. 448), attaching Sirri's report in support of its motion. On January 6, 2012, plaintiffs filed a motion to strike expert report of Erik Sirri from summary judgment record and to shorten response deadline (Doc. 453), contending that the report should be excluded because defendants never identified Sirri as a merits expert by the August 2008 deadline.  Because plaintiffs' summary judgment opposition is due by February 6, 2012, plaintiffs requested that the Court order defendants to file any response to its motion by January 13, 2012.  On January 9, 2012, the Court granted that request,

and on January 13, 2012, defendants filed its response to the motion to strike (Doc. 457), arguing that plaintiffs' motion was "frivolous" and "a waste of time" and asking the Court to "sanction, or at least admonish, [p]laintiffs' counsel for wasting the Court's and the [d]efendants' time on this frivolous [m]otion and for the false fire drill created by [p]laintiffs' frivolous attempt to shorten [d]efendants' response time." As to the merits of the dispute, defendants contend that the Court "must consider the entire record, drawing reasonable inferences and resolving factual disputes in favor of the non-movant" when considering a motion for summary judgment.  On January 16, 2012, plaintiffs filed a reply to that response, contending that "only evidence that party could use at trial is admissible on summary judgment."  The next day defendants filed a motion to strike that reply (Doc. 459), contending that plaintiffs' reply did not meet the "exceptional circumstances" requirement as required by the local rules and that plaintiffs' "passing reference to 'sanctions' as justification for their [r]eply is as groundless as their original [m]otion." Plaintiffs responded (Doc. 460), contending that "[r]egardless of whether [d]efendnats' request  [for sanctions] was a 'motion,' or merely a request that the Court act *sua sponte*, it is fundamental that a sanctions determination required an opportunity to be heard."

     As to defendants' motion to strike plaintiffs' reply (Doc. 459), that motion is denied.  Given defendants response, arguing that the motion was "frivolous" and "a waste of time" and asking for sanctions, a reply was needed by the Court. See, e.g., *Jolly Group, Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006) (finding that a district court may impose sanctions *sua sponte* as long as it provides that

attorney with notice regarding the sanctionable conduct and an opportunity to be heard).

## II. Analysis

Discovery is an area over which the district court has great authority and discretion. *Adams v. Ameritech Servs., Inc.*, 231 F.3d 414, 432 (7th Cir. 2000). Federal Rule of Civil Procedure 26(a)(2)(A) provides that "[i]n addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." FED. R. CIV. P. 26(a)(2)(A). "A party must make these disclosures at the times and in the sequence that the court orders." FED. R. CIV. P. 26(a)(2)(D). Federal Rule of Civil Procedure 37(c)(1) provides that "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure to was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). "The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004) (citing *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996)). In determining whether a sanction is appropriate the Court may consider the party's conduct not in isolation but in light of "the entire procedural history of the case." *E360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 643 (7th Cir. 2011) (quoting *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000)).

Here, the Court finds that Sirri's report must be stricken from the summary judgment record. The Court reopened discovery in this case "to fully develop the class certification issue." As Magistrate Judge Williams noted in his memorandum and order of May 5, 2011, resolving another of the parties' discovery disputes, "at this stage in this marathon litigation, the goal is for the parties to discover only enough facts for the District Court to thoroughly consider the class questions that remain unresolved–namely, the issues of typicality and adequacy." The Court did not reopen discovery for all purposes, but rather limited discovery to the class certification issue. Thus, defendants disclosure of Sirri as an expert and his report was as defendants' disclosures indicated, for purposes of "plaintiffs' amended motion for class certification" and was not in compliance with this Court's court order regarding expert disclosures. See FED. R. CIV. P. 26(a)(2)(D). Moreover, defendants fail to explain why its failure to disclose Sirri by the original disclosure deadline was substantially justified or harmless. See FED. R. CIV. P. 37(c)(1). Therefore, the exclusion of Sirri's report is automatic and mandatory. See *Musser*, 356 F.3d at 758. In fact, defendants posit that "the only passing reference to the Sirri [r]eport in [d]efendants' [m]otion that relate to the *merits*" can be gleaned from the public record and that "[d]efendants do not even seek to use Sirri's opinions in support of their motion for summary judgment," effectively conceding that no harm would result by excluding his report. As to defendants argument that the Court must consider the entire record when considering a motion for summary judgment, the Court cannot consider inadmissible expert testimony when ruling on a motion for summary

judgment. *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 704 (7th Cir. 2009) (finding that a party may not rely on inadmissible expert testimony on motion for summary judgment); *Porter v. Whitehall Labs., Inc.*, 9 F.3d 607, 612 (7th Cir. 1993) (noting that expert testimony must be admissible to be considered in a motion for summary judgment); *Rosen v. Ciba-Geigy Corp.*, 78 F.3d 316, 320 (7th Cir. 1996) (affirming summary judgment when the district court declined to consider expert testimony that it found inadmissible).

### III. Conclusion

For the reasons stated above, plaintiffs' motion to strike Erik Sirri's expert report from the summary judgment record (Doc. 453) is granted and defendants' motion to strike reply brief in support of plaintiffs' motion to strike expert report (Doc. 459) is denied.

**IT IS SO ORDERED.**

Signed this 23rd day of January, 2012.

David R. Herndon
2012.01.23
13:03:11 -06'00'

**Chief Judge**
**United States District Court**