IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**PAT BEESLEY, et al.,**

**Plaintiffs,**

v.

**INTERNATIONAL PAPER CO., et al.,**

**Defendants.**            **No. 06-703-DRH**

## ORDER

**HERNDON, Chief Judge:**

Before the Court are numerous motions that are pending. The Court previously asked the parties to agree to a certain procedure or, failing that, to file positions regarding how each felt the Court should proceed with this litigation. Having reviewed those positions, which were filed in the form of motions, and independently researched the situation, the Court has decided to deny plaintiffs' motion for the Court to decide summary judgment motions pending since prior to defendants' interlocutory appeal (Doc. 419), deny plaintiffs' motion for separate trial at this time of securities and lending and administrative fee claims (Doc. 473), and grant defendants' motion on further proceedings (Doc. 420). Accordingly, the Court will rule on plaintiffs' amended motion for class certification (Doc. 309) and alternative motion to purse direct action (Doc. 359) first, along with defendants' motion to strike plaintiffs' "supplemental" expert report of Steve Pomerantz (Doc. 462) which is related thereto. The Court denies as premature the pending

evidentiary motions that were filed prior to the Court's class certification being vacated and that relate to trial testimony and the summary judgment motions (Docs. 273, 274, 277, 278, 279, & 283), the parties' motions for summary judgment (Docs. 253 & 447), and plaintiffs' motion to strike defendants' supplement to summary judgment (Doc. 465).  Those motions may be re-filed at a later time if necessary. After ruling on the plaintiffs' amended motion for class certification (Doc. 309), alternative motion to pursue direct action (Doc. 359), and defendants' motion to strike plaintiffs' "supplemental" expert report of Steve Pomerantz (Doc. 462), the Court will stay this matter until it is determined whether the parties will seek permission to appeal the Court's class certification order, and if so, until a decision on that appeal is rendered.  If no petition for permission to appeal is filed with the Clerk of the 7th Circuit within fourteen days of the date of the class certification order, the stay will be lifted.

## I. Background

On September 9, 2011, the Court entered an order (Doc. 403), directing the parties to file motions with the Court on how the Court should proceed with regard to the motions that were pending prior to the Seventh Circuit's mandate regarding class certification.  The plaintiffs filed their motion (Doc. 419), asking the Court to decide the motions that were filed prior to defendants' interlocutory appeal, specifically the parties' cross-motions for partial summary judgment (Docs. 253 & 254) that were pending at that time, and plaintiffs' motion to strike the declaration of Daniel G. Laline, Jr. (Doc. 283), as it related to plaintiffs' motion for partial

summary judgment. Plaintiffs also indicated that they believed the Court should simply take the pending motions to exclude with the trial. Defendants, on the other hand, filed their motion (Doc. 420), asking the Court to decide plaintiffs' amended motion for class certification (Doc. 357) before ruling on the parties' pending motions for summary judgment and to deny as moot their motion for partial summary judgment, but to allow them to file a substitute motion for summary judgment. Defendants also asked the Court to rule on their pending motions to exclude.

On November 8, 2011, the Court entered an order (Doc. 432), granting defendants' motion (Doc. 420) in part, granting the part which requested denial of defendants' motion for partial judgment (Doc. 254) as moot, but allowing defendants to file a substitute motion for partial summary judgment. The Court deferred ruling on the remainder of defendants' motion (Doc. 420), as well as all of plaintiffs' motion (Doc. 419). Since that time, defendants have filed a new motion for partial summary judgment (Docs. 447 & 448) and a motion to strike plaintiffs' "supplemental" expert report of Steve Pomerantz (Doc. 462), and plaintiffs have filed a motion to strike defendants' supplement to summary judgment motion (Doc. 465) and a motion for separate trial at this time of securities lending and administrative fees claims (Doc. 473). On May 11, 2012, the Court ordered the parties to attend mandatory mediation sessions (Doc. 497). The parties participated in these sessions, along with participating in settlement conferences before Magistrate Judge Stephen C. Williams, but to date, no claims have been resolved.

## II. Class Certification

Federal Rule of Civil Procedure 23(c)(1) ("Rule 23") directs district courts to grant or deny class certification "early" in the litigation. *Bertland v. Patterson*, 495 F.3d 452, 455 (7th Cir. 2007) (quoting FED. R. CIV. P. 23(c)(1)). "After the 1996 amendments, treatment of plaintiffs and defendants is supposed to be symmetric, which is possible only if a class is certified (or not) before decision on the merits." *Bertland*, 495 F.3d at 455. "Class-action status must be granted (or denied) early not only to avoid problems with mootness, and provide an opportunity for interlocutory review, see Fed. R. Civ. P. 23(f), but also to clarify who will be bound by the decision." *Id.* "The larger the class, the more the litigants may invest in discovery and briefing to ensure that the case is decided correctly." *Id.* "Until everyone knows who will, and who will not, be bound by the out-come, it is difficult to make informed decisions about how the case should proceed." *Id.* "Without a certified class, any other . . . applicant is free to file another suit and present the same arguments: decisions of district courts do not block successive litigation by similarly situated persons." *Id.* "It takes a class certification to produce a conclusive resolution in one proceeding." *Id.* at 456.

### III. Analysis

With these rules in mind, the Court denies plaintiffs' motion for the Court to decide summary judgment motions pending since prior to defendants' interlocutory appeal (Doc. 419) and grant defendants' motion on further proceedings (Doc. 420). Accordingly, the Court will rule on plaintiffs' amended motion for class certification (Doc. 309), alternative motion to purse direct action (Doc. 359), and defendants'

motion to strike plaintiffs' "supplemental" expert report of Steve Pomerantz (Doc. 462) first. To decide the summary judgment motions prior to the class certification motion puts the cart before the horse. *Thomas v. City of Peoria*, 580 F.3d 633, 635 (7th Cir. 2009) ("First ruling on the merits of the federal claims, and then denying class certification on the basis of that ruling, puts the cart before the horse, as we have emphasized in previous cases."); *Larson v. JP Morgan Chase & Co.*, 530 F.3d 578, 581 (7th Cir. 2008).

Further, the Court denies the pending evidentiary motions (Docs. 273, 274, 277, 278, 279, & 283) as premature and because those motions can be re-filed and ruled upon if, and when, it becomes necessary. See *In re Salem*, 465 F.3d 767, 777 (7th Cir. 2006) ("Where the gatekeeper and the factfinder are one and the same–that is, the judge–the need to make such decisions prior to hearing the testimony is lessened . . . [and] the court can hear the evidence and make its reliability determination during, rather than in advance of, trial."). Furthermore, the motions for summary judgment (Docs. 253 & 447) and plaintiffs' motion to strike defendants' supplement to summary judgment (Doc. 465) are also denied as premature. Those motions can be re-filed at a later time if necessary.

The Court also denies plaintiffs' motion for separate trial at this time of securities and lending and administrative fee claims (Doc. 473). Plaintiffs argue that defendants have not challenged class certification and do not seek summary judgment as to plaintiffs' record keeping fees claim and securities lending claim and therefore those claims will proceed to trial on a class-wide basis regardless of any

other rulings. The Court disagrees. Plaintiffs ignore the fact that the Court must decide the class certification issue before ruling on the merits. If class certification is granted, new summary judgment motions may be filed and the claims might not proceed to trial. Accordingly, plaintiffs' motion (Doc. 473) is denied.

After ruling on the plaintiffs' amended motion for class certification (Doc. 309), alternative motion to pursue direct action (Doc. 359), and defendants' motion to strike plaintiffs' "supplemental" expert report of Steve Pomerantz (Doc. 462), the Court will stay this matter until it is determined whether the parties will seek permission to appeal the Court's class certification order, and if so, until a decision on that appeal is rendered. See FED. R. CIV. P. 23(f). If no petition for permission to appeal is filed with the circuit clerk within fourteen days of the date of that order, the stay will be lifted.

## IV. Conclusion

For the reasons stated above, plaintiffs' motion for the Court to decide summary judgment motions (Doc. 419) is denied, defendants' motion on further proceedings is granted (Doc. 420), the pending evidentiary motions (Docs. 273, 274, 277, 278, 279, & 283) are denied, the pending motions for summary judgment (Docs. 253 & 447) are denied, and plaintiffs' motion strike defendants' supplement to summary judgment motion (Doc. 465) is denied. The Court will rule on plaintiffs' amended motion for class certification (Doc. 309), alternative motion to purse direct action (Doc. 359), and defendants' motion to strike plaintiffs' "supplemental" expert report of Steve Pomerantz (Doc. 462) next. After those rulings, the Court will stay

this matter until it is determined whether the parties will seek permission to appeal the Court's class certification order, and if so, until a decision on that appeal is rendered.  If no petition for permission to appeal is filed with the Clerk of the 7th Circuit within fourteen days of the date of the class certification order, the stay will be lifted.

**IT IS SO ORDERED.**

Signed this 17th day of September, 2012.

Digitally signed by
David R. Herndon
Date: 2012.09.17
11:25:18 -05'00'

**Chief Judge
United States District Court**