IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

PAT BEESLEY, et al.,

    Plaintiffs,

v.

INTERNATIONAL PAPER CO., et al.,

    Defendants.

Cause No: 06-703-DRH

## FINAL ORDER AND JUDGMENT

**HERNDON, District Judge:**

    **Wherefore, this 31st day of Janary, 2014,** upon consideration of the Settling Parties' joint motion for final approval of the settlement of these actions (the "Class Actions") pursuant to the terms of a Class Action Settlement Agreement dated September 27, 2013, (the "Settlement Agreement"), the Court hereby orders and adjudges as follows:

    1. For purposes of this Final Order and Judgment, the following terms have the meanings listed:

        1.1    "Plan" or "Plans" means the Hourly and Salaried Plan, both 401(k) Plans sponsored by Defendant International Paper Company.

        1.2    "Related Parties" means (a) each Defendant, (b) each Defendant's past, present and future parent corporation(s), and (c) each Defendant's past, present and future affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, and assigns, and (c) with respect to (a) through (c) above, all of their affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, assigns, employee benefit plans (with the exception of the Plan), employee benefit plan fiduciaries (with the exception of the Independent Fiduciary), administrators, service providers, consultants, subcontractors, officers,

directors, partners, agents, managers, members, employees, independent contractors, representatives, attorneys, administrators, fiduciaries, insurers, co-insurers, reinsurers, controlling shareholders, accountants, auditors, advisors, consultants, trustees, personal representatives, spouses, heirs, executors, administrators, associates, members of their immediate families, and all persons acting under, by, through, or in concert with any of them.

1.3   "Released Claims" means, as defined in Section 2.42 of the Settlement Agreement as amended, any and all actual or potential claims, actions, demands, rights, obligations, liabilities, damages, attorneys' fees, expenses, costs, and causes of action, that were asserted in the Class Action, or that:

> (a) Relate to: (1) the selection, oversight, or performance of the Plans' investment options and service providers, (2) fees, costs, or expenses charged to, paid or reimbursed by the Plans, (3) disclosures or failures to disclose performance information regarding the Plans' options, (4) the Plans' participation in any securities lending program, or (5) the timeliness of contributions to the Plans.

> (b) Would be barred by the doctrine of *res judicata* based on the entry of the Final Order;

> (c) Relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Qualified Settlement Fund to the Plan or any member of the Settlement Class pursuant to the Plan of Allocation; or

> (d) Relate to the approval by the Independent Fiduciary of the Settlement Agreement, unless brought against the Independent Fiduciary alone.

"Released Claims" specifically excludes claims of denial of benefits or labor or employment claims, including but not limited to employment discrimination or wrongful termination. Released Claims also excludes claims against the Independent Monitor and any claims the Plans may have that are being asserted in the *Glass Dimensions, Inc. v. State Street Bank & Trust Co.*, 10-cv-10588-JLT action now pending in the United States District Court for the District of Massachusetts.

1.4   The Settlement Class and Settlement Class Members refers to the class established by the Court's order dated October 10, 2013, including the Large Cap Stock Fund Sub-Class and the Company Stock Fund Sub-Class and the members thereof.

   1.5 "Settling Parties" means the Defendants and the Class Representatives, on behalf of themselves and each of the Settlement Class Members.

 2. In accordance with the Court's Orders, and as determined by this Court previously, notice was timely distributed by first-class mail to all members of the Settlement Class who could be identified with reasonable effort, and notice was published on the website maintained by Class Counsel. Pursuant to the Court's Notice Plan, notice was also published in the December 19, 2013 national edition of USA Today and in the December 15, 2013, Zones 5, 8 and 9 editions of Parade Magazine. In addition, pursuant to the Class Action Fairness Act, 29 U.S.C. § 1711, *et seq.*, notice was provided to the Attorneys General for each of the states in which a Settlement Class Member resides, the Attorney General of the United States, and the United States Secretary of Labor.

 3. The form and methods of notifying the Settlement Class of the terms and conditions of the proposed Settlement Agreement met the requirements of Fed. R. Civ. P. 23(c)(2), any other applicable law, and due process, and constituted the best notice practicable under the circumstances; and due and sufficient notices of the fairness hearing and the rights of all Settlement Class Members have been provided to all people, powers and entities entitled thereto.

 4. All requirements of the Class Action Fairness Act, 29 U.S.C. § 1711, *et seq.*, have been met.

 5. Members of the Settlement Class had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement Agreement to the Court.

6. Each and every Objection to the settlement is overruled with prejudice.

7. The motion for final approval of the Settlement Agreement is hereby GRANTED, the settlement of the Class Action is APPROVED as fair, reasonable and adequate to the Plans and the Settlement Class, and the Settling Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

8. The operative complaint and all claims asserted therein whether asserted by Class Representatives on their own behalf or on behalf of the Settlement Class, or derivatively to secure relief for the Plans are hereby dismissed with prejudice and without costs to any of the Settling Parties other than as provided for in this Settlement Agreement;

9. The Plans and each of the Settlement Class (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors and assigns) on behalf of the Plans, hereby fully, finally and forever settle, release, relinquish, waive and discharge Defendants and Related Parties from Released Claims, whether or not such Settlement Class Members have executed and delivered a Former Participant Claim Form, whether or not such Settlement Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Settlement Class Members have been approved or allowed;

10. The Settlement Class Members and the Plans acting individually or together, or in combination with others, are hereby barred from suing or seeking to institute, maintain, prosecute, argue, or assert in any action or proceeding (including an IRS determination letter proceeding, Department of Labor proceeding or proceeding before a state insurance department or commissioner), any cause of action, demand or claim on the basis of, connected with, arising out of, or substantially related to, any of the Released Claims. Nothing herein shall preclude any action to enforce the terms of the Settlement Agreement pursuant to the procedures set forth in the Settlement Agreement;

11. Class Counsel, the Settlement Class Members, or the Plans may hereafter discover facts in addition to or different from those which they know or believe to be true with respect to the Released Claims. Such facts, if known by them, might have affected the decision to settle with Defendants, the Plans and the Related Parties or the decision to release, relinquish, waive, and discharge the Released Claims, or might have affected the decision of a Settlement Class Member not to object to the Settlement. Notwithstanding the foregoing, each Settlement Class Member and the Plan hereby fully, finally and forever settled, released, relinquished, waived and discharged any and all Released Claims;

12. The Settlement Class Members and the Plans hereby settle, release, relinquish, waive and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including without limitation, Section 1542 of the California Civil Code,

which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor." The Settlement Class Members and the Plan with respect to the Released Claims also hereby waive any and all provisions, rights and benefits conferred by any law of any State or territory of the United States or any foreign country, or any principle of common law, which are similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

13. The Court finds that it has subject matter jurisdiction over the claims herein and personal jurisdiction over Settlement Class Members herein pursuant to the provisions of ERISA, and expressly retains that jurisdiction for purposes of enforcing this Final Order and/or Article 8 of the Settlement Agreement. Any motion to enforce paragraphs 8 through 12 of this Final Order or Article 8 of the Settlement Agreement, including by way of injunction, may be filed in this Court, and the provisions of the Settlement Agreement and/or this Final Order may also be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate Article 8.

14. Each member of the Settlement Class shall hold harmless Defendants, Defense Counsel, the Related Parties, and the Plan for any claims, liabilities, attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses;

15. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current Participant and each Authorized Former Participant;

16. With respect to payments or distributions to Authorized Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion;

17. With respect to any matters that arise concerning distributions to Current Participants (after allocation decisions have been made by the Settlement Administrator in its sole discretion), all questions not resolved by the Settlement Agreement shall be resolved by the Plan's Administrator pursuant to the applicable law and governing Plan terms;

18. At a reasonable date following the issuance of all settlement payments to Settlement Class Members, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who was issued a settlement payment and the amount of such payment;

19. Upon entry of this Order, all Settlement Class Members and the Plans shall be bound by the Settlement Agreement as amended and by this Final Order.

SO ORDERED:

DATED: January 31, 2014

Digitally signed by David R. Herndon
Date: 2014.01.31 14:10:03 -06'00'

David R. Herndon
United States District Judge