UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

PAT BEESLEY et al.,
                    Plaintiffs,

                                            No: 3:06-cv-703-DRH-CJP
v.

INTERNATIONAL PAPER COMPANY et al.,

                    Defendants.

ORDER REGARDING PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES
AND REIMBURSEMENT OF EXPENSES

   THIS MATTER is before the Court in connection with Plaintiffs' Application for Attorneys' Fees and Reimbursement of Expenses and for Case Contribution Awards for Named Plaintiffs. Doc. 546. In their Application, Class Counsel, the law firm of Schlichter, Bogard & Denton, requests a court approved fee for its role in obtaining a settlement of class claims under the Employee Retirement Income Security Act ("ERISA"). The settlement provides a $30 million monetary recovery for the benefit of as many as 175,000 current and former participants in two 401(k) plans offered to employees of International Paper, as well as powerful affirmative relief designed to reduce fees and improve investment offerings.

   Class Counsel has asked this Court to approve a fee award of one-third of the monetary settlement obtained or $10,000,000. Class Counsel has also asked this Court to award it $1,563,046.39 for outstanding expenses. Additionally, Class Counsel has requested this Court approve $25,000 incentive awards to each of the

1

six living Named Plaintiffs and $15,000 to Sam Kistler, the surviving spouse of Named Plaintiff Nelda Kistler.

Pursuant to the Settlement Agreement and the Court's Order, Class Counsel mailed individual notices to the Class and created a Class website to provide information to the Class. Class Counsel also arranged for publication notice in Parade Magazine (circulation of 11.3 million) and USA Today (circulation of 1.6 million). It is noteworthy that individual notices were mailed to over 175,000 potential Class Members, yet only one objected to Class Counsel's request for fees and costs. Doc. 547. This Court finds the lack of any meaningful number of objections to be an unmistakable sign of the Class's overwhelming support for Class Counsel's Application.

This Court has witnessed countless examples over the past seven years of Class Counsel's zealous representation of the Class. The Court remains impressed with Class Counsel's navigation of the challenging legal issues involved in this trailblazing litigation and Class Counsel's commitment and perseverance in bringing this case to this resolution. Class Counsel's Application is GRANTED. This Order explains this Court's conclusion that Class Counsel's fee and cost request is reasonable and merited.

## I. FINDINGS AND CONCLUSIONS

### A. Class Counsel's Request for Attorneys' Fees

Under the "common-fund" doctrine, a class counsel is entitled to a reasonable fee drawn from the commonly held fund created by a settlement for the benefit of the class. See, e.g. *Boeing Co. v. VanGemert*, 444 U.S. 472, 478 (1980). Additionally,

the United States Court of Appeals for the Seventh Circuit has found that attorneys' fees based on the common fund doctrine are appropriate in ERISA cases. See *Florin v. Nationsbank*, 34 F.3d 560, 563 (7th Cir. 1994). A court must also consider the substantial affirmative relief when evaluating the overall benefit to the class. *See* Manual for Complex Litigation, Fourth, § 21.71, at 337 (2004); Principles of the Law of Aggregate Litigation, § 3.13; cf. *Blanchard v. Bergeron*, 489 U.S. 87, 95 (1989) (cautioning against an "undesirable emphasis" on monetary "damages" that might "shortchange efforts to seek effective injunctive or declaratory relief"). Therefore, this Court acknowledges the importance of taking the affirmative relief into account, in addition to the monetary relief, so as to encourage attorneys to obtain effective affirmative relief. Class Counsel's insistence on such affirmative relief in addition to the monetary relief, added tremendous material value to the International Paper 401(k) Plans. It will benefit the class as well as future Plan participants year after year into the future.

In determining whether to grant a fee application in a class action settlement, the Seventh Circuit Court of Appeals requires the Court to determine whether a requested fee is within the range of fees that would have been agreed to at the outset of the litigation in an arm's length negotiation given the risk of nonpayment and the normal rate of compensation in the market at the time. See *In re Synthroid Marketing Litig.*, 264 F.3d 712, 718 (7th Cir. 2001). In common fund cases, "the measure of what is reasonable [as an attorney fee] is what an attorney would receive from a paying client in a similar case." *Montgomery v. Aetna Plywood, Inc.*,

231 F.3d 399, 408 (7th Cir. 2000). "It is not the function of the judge in fee litigation to determine the equivalent of the medieval just price. It is to determine what the lawyer would receive if he were selling his services in the market rather than being paid by the court." *Matter of Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 568 (7th Cir. 1992). This requires the district judge to "ascertain the appropriate rate for cases of similar difficulty and risk, and of similarly limited potential recovery." *Kirchoff v. Flynn*, 786 F.2d 320, 326 (7th Cir. 1986).

When determining a reasonable fee, the Seventh Circuit Court of Appeals uses the percentage basis rather than a lodestar or other basis. *Gaskill v. Gordon*, 160 F.3d 361, 363 (7th Cir. 1998); *Florin*, 34 F.3d at 566. A one-third fee is consistent with the market rate in settlements concerning this particularly complex area of law. *Will v. General Dynamics Corp.*, 2010 U.S.Dist. LEXIS 123349, *9 (S.D.Ill. Nov. 22, 2010) (finding that in ERISA 401(k) fee litigation, "a one-third fee is consistent with the market rate")(J. Murphy).

Schlichter, Bogard & Denton has achieved an extraordinary result on behalf of its clients. Class Counsel's fee request is more than justified in this case given the extraordinary risk counsel accepted in agreeing to represent the Class; Class Counsel's demonstrated willingness to pursue this action over more than seven years of intense, adversarial litigation; and the enormous value of the plan improvements and future relief included in this settlement.

Litigating this case against formidable defendants and their sophisticated attorneys required Class Counsel to demonstrate extraordinary skill and

4

determination. Schlichter, Bogard & Denton and lead attorney Jerome Schlichter's diligence and perseverance, while risking vast amounts of time and money, reflect the finest attributes of a private attorney general. At the time Plaintiffs retained Class Counsel, no other firm was willing to accept such a daunting challenge on this case at *any* rate, and virtually no cases had ever been filed against large 401(k) plan sponsors involving claims of excessive fees and prohibited transactions under ERISA. Class Counsel performed substantial work for over a year before filing suit, including investing hundreds of hours of attorney time, investigating, speaking with Plan Participants, obtaining documents from public sources and the Plan administrator, reviewing and analyzing Plan documents and financial statements, developing expertise regarding industry practices, conducting extensive legal research and fashioning the Class's causes of action. In short, this Court agrees with Judge Baker in the Central District of Illinois: "the law firm Schlichter, Bogard & Denton is the leader in 401(k) fee litigation." *Nolte v. Cigna, Corp.*, Case 07-2046, Doc. 413 at 3 (C.D.Ill. Oct. 15, 2013) (order granting attorneys' fees and reimbursement of expenses).

After filing this case on September 11, 2006, Class Counsel has been committed to the interests of the participants and beneficiaries of the International Paper 401(k) Plans in pursuing this case and several other 401(k) fee cases of first impression. Mr. Schlichter and the Schlichter, Bogard & Denton firm's actions have had a "humongous" impact over the entire 401(k) industry, which have benefited employees and retirees throughout the country by bringing sweeping changes to

fiduciary practices. Linda Stern, *Stern Advice—How 401(k) Lawsuits Are Bolstering Your Retirement Plan*, REUTERS, Nov. 5, 2013 (quoting Mike Alfred, co-founder and CEO of Brightscope, an independent firm that provides data about retirement plans); see also *Nolte v. Cigna, Corp.*, Case 07-2046, Doc. 413 at 3–4 (C.D.Ill. Oct. 15, 2013) (observing that nationwide, "fee reductions attributed to Schlichter, Bogard & Denton's fee litigation and the Department of Labor's disclosure regulations approach $2.8 billion in annual savings for American workers and retirees."). In the case of this Class, the tireless efforts of Schlichter, Bogard & Denton have brought about both a significant monetary recovery and important reforms to the International Paper 401(k) Plans. Current and future Plan Participants will benefit from the affirmative relief for years to come.

Accordingly, this Court finds that the market for plaintiffs' attorney work in this case, and similar cases, is a contingent fee market and not an hourly market. Based on the remarkable monetary recovery and affirmative relief, Class Counsel's fee application is certainly reasonable. This Court finds that Schlichter, Bogard & Denton has provided an enormous benefit to the Class, while undertaking a great financial risk in the event of an adverse decision on the merits.

The use of a lodestar cross-check has fallen into disfavor. See *In re Synthroid Marketing Litig.*, 325 F.3d at 979–80 (7th Cir. 2003) ("The client cares about the outcome alone" and class counsel's efficiency should not be used "to reduce class counsel's percentage of the fund that their work produced."); *Will*, 2010 U.S.Dist. LEXIS 123349, *10 ("The use of a lodestar cross-check in a common fund case is

6

unnecessary, arbitrary, and potentially counterproductive."). Nevertheless, this Court finds that Class Counsel spent nearly 18,000 attorney hours and over 4,000 hours of non-attorney professional time litigating this case.[1]

Additionally, few lawyers or law firms are capable of handling, much less willing to handle, this type of national litigation. Schlichter, Bogard & Denton are one of the few firms handling ERISA class actions such as this. The Court finds that the market for legal services in cases such as this is a national one, and that Class Counsel's proposed rates are reasonable and consistent with market rates at that time and could be enhanced to today's rates.

This Court finds that the reasonable hourly rate for Class Counsel's services are as follows: for attorneys with at least 25 years of experience, $892 per hour; for attorneys with 15–24 years of experience, $757 per hour; for attorneys with 5–14 years of experience, $545 per hour; for attorneys with 2–4 years of experience, $394 per hour; for Paralegals and Law Clerks, $275 per hour; for Legal Assistants, $170 per hour. Given these rates, a reasonable market rate for Class Counsel's services would be $12,158,777.90 without any enhancement for risk. Class Counsel's fee request for $10 million is considerably less than the unenhanced value of Class Counsel's work. It is well within reasonable limits, and the Class' near-universal support for the settlement and Class Counsel's requested fee recognizes the bargain they have received.

---

[1] The Court may rely on summaries submitted by attorneys and need not review actual billing records. *Will,* 2010 U.S.Dist. LEXIS 123349, *11 (citing *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 306–07 (3d Cir. 2005)).

This Court further finds that the expenses for which Class Counsel's seek reimbursement were reasonable and necessary. It is well established that counsel who create a common fund like this one are entitled to the reimbursement of litigation costs and expenses, which includes such things as expert witness costs; computerized research; court reports; travel expense; copy, phone and facsimile expenses and mediation. Fed.R.Civ.P. 23; *Boeing v. Van Gemert*, 444 U.S. 472, 478 (1980). Class Counsel had a strong incentive to keep expenses at a reasonable level due to the high risk of no recovery when the fee is contingent. Additionally, Class Counsel incurred these expenses over the course of over seven years. Further, the fact that Class Counsel does not seek interest as compensation for the time value of money or costs associated with advancing these expenses to the Class makes this fee request all the more reasonable.

Finally, Plaintiffs request $25,000 incentive awards to each of the six surviving Named Plaintiffs and $15,000 for Sam Kistler, surviving spouse of Nelda Kistler. "Incentive awards are justified when necessary to induce individuals to become named representatives." *In re Synthroid Marketing Litig.*, 264 F.3d at 722–23. The record suggests that the Named Plaintiffs initiated the action, took on a substantial risk, and remained in contact with Class Counsel. Additionally, the Named Plaintiffs devoted substantial amounts of their own time to benefit the class by responding to document requests, reviewing pleadings, assisting discovery and submitting to lengthy depositions. ERISA litigation against an employee's current

or former employer carries unique risks and fortitude, including alienation from employers or peers.

Furthermore, the total award for all of the Named Plaintiffs represents just 0.55 percent of the total Settlement Fund. Awards of $15,000 to $25,000 for a Named Plaintiff award and total Named Plaintiff awards of less than one percent of the fund are well within the ranges that are typically awarded in comparable cases. See, e.g. *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) (upholding award of $25,000 to class representative); *Will*, 2010 U.S.Dist. LEXIS 123349, *12–13 (awarding named Plaintiffs $25,000 each for their contribution to a case concerning allegedly excessive fees in a 401(k) Plan, a total of 0.5% of the settlement fund); *In re Dun & Bradstreet Credit Services Customer Litig.*, 130 F.R.D. 366, 377 (S.D.Ohio 1990) (awarding $215,000 or 1.19% of the settlement fund to the Named Plaintiffs).

## II. CONCLUSION

After consideration of Class Counsel's Application, this Court concludes that the requested attorneys' fees and cost reimbursements are fair, reasonable and merited by the Counsel's enormous efforts resulting in relief for the class. But for Class Counsel's determined prosecution of this action, the International Paper 401(k) plans and their participants would not have obtained any recovery because it is extremely unlikely that they would have found other qualified counsel to assume the burden and risk of pursuing these claims. Accordingly, it is **ORDERED** that the requested attorneys' fees of $10,000,000 are **APPROVED**. It is **FURTHER ORDERED** that the requested reimbursement of $1,563,046.39 in outstanding costs is **APPROVED**. The Settlement Administrator shall pay the combined sum of

$11,563,046.39 to the firm of Schlichter, Bogard & Denton out of the Settlement Fund and shall separately pay each of the six surviving Named Plaintiffs the sum of $25,000 and shall pay Sam Kistler $15,000.

SO ORDERED THIS 31st day of January, 2014.

Digitally signed by David R. Herndon
Date: 2014.01.31 14:20:28 -06'00'

DAVID R. HERNDON
UNITED STATES DISTRICT JUDGE